DECK vs. RANSOM E. JOHNSON.

Where, on the trial of an action, a person offered as a witness for the defend-
ant, was objected to and rejected, on the ground that the defendant had
signed the notes, on which the action was brought, as surety for the wit-
ness' wife, who was not joined in the suit; *Held* that the witness offered was
a competent witness for the defendant, notwithstanding his relation to the
principal debtor; though he would not have been competent had she been
a party.

MOTION for a new trial, on a case and exceptions ordered
to be heard in the first instance at a general term. The
action was brought on five promissory notes, for $100 each,
payable to the plaintiff, and signed by Lauraette Johnson and
Ransom E. Johnson, the defendant. Lauraette Johnson is a
married woman, the wife of Nelson Johnson. She owns a
large separate estate, consisting of mills, stores and farms.
Her husband is insolvent, and has been for many years, and
manages his wife's estate as her agent. The notes in suit were
signed by the defendant as surety for Lauraette Johnson, for
whose benefit the plaintiff loaned the money for the payment of
which the notes were given, on the application of her husband,
acting for her. On the trial, the defendant offered Nelson
Johnson, the husband of Lauraette Johnson, as a witness.
The plaintiff's counsel objected to his competency as a wit-
ness, on the. grounds: 1. That he was the husband of Laura-
ette Johnson, who was co-maker, with the defendant, of the
notes in suit. 2. That the said Lauraette Johnson had a
separate estate, and that her husband Nelson Johnson acted
as her agent. That the money loaned went to the benefit of
the wife and her estate. 3. That the wife of the witness
was in equity, and as between the defendant and herself, the
principal in the notes and answerable over to the defendant,
if a recovery should be had against him, and her separate
estate would be chargeable therefor; and that the witness was
therefore in fact offered, and his testimony, if allowed and was
material, would in fact be in behalf of his wife, and he was
therefore incompetent. The issue as to his competency was

tried by the court, and the witness was finally rejected for the following reasons :     *f* .

" 1. The evidence satisfies me that this money was obtained for the benefit of the wife of Nelson Johnson. If we are to take the evidence of Nelson Johnson alone, the money was mainly used to stock her mill in Pennsylvania. He was insolvent, and she had a separate estate. The plaintiff had previously lent money on the wife's notes. He had the right therefore to suppose that this was a loan of a similar character.

2. However this may be, she is to be deemed as intending to charge her separate estate by putting her name to the notes. If she is to be intended as having knowledge of the law, no other motive can be ascribed to her, in the absence of any evidence on the subject. The simple fact that she signed the notes is evidence of such intention : if not, she is to be regarded as doing an idle act, without an object.

3. The defendant swears he signed the notes as surety. Surety for whom ? Surety for the wife, of course. Nothing was said to him about the timber contract until two weeks afterwards. Mrs. Johnson's separate property is therefore liable to be charged for the payment of this whole debt.

4. But can the record in this case be evidence in an action to charge the wife's separate estate. It clearly could not, to prove the existence of the indebtedness, provided the plaintiff succeeds in the present action. But if he should not succeed here, (and he can only fail upon the ground set up in the answer,) I incline to think it would be admissible to sustain a defense of usury to be set up by her."

To this decision the defendant excepted. The cause was then submitted, and under the direction of the court the jury found a verdict for the plaintiff for $500, and interest thereon from January 6, 1857.

*Hammond & Ferris*, for the plaintiff. I. The court ruled correctly in admitting the plaintiff to testify. Notice was not necessary, of the point to which he was called. This was an

issue addressed to the court. It was not an issue in the action. Its object was only to inform the mind of the court as to the actual position of the witness Johnson, touching his competency.

II. The question as to the statement of Nelson Johnson, at the time of borrowing the money for which the notes were given, as to the uses for which it was wanted, was *res gestœ*— a part of the transaction of the loan itself. Johnson was the agent of Lauraette Johnson, and acted as such in borrowing the money and delivering the note. His statements, therefore, *made at the time of the loan*, were competent evidence, especially on this collateral issue before the judge.

III. The facts as found by the judge on the issue thus tried before him, are abundantly sustained by the proof, and will not be disturbed.

IV. The fact being established that Lauraette Johnson was the principal, and Ransom E. the surety, in the loan for which these notes were given, her separate estate would be liable for the debt in case Ransom E. had it to pay. In that case the record would be evidence of the recovery and amount in an action by Ransom E. to charge her separate estate.

V. In an action by the present plaintiff against her to charge her real estate, the record in this action would be conclusive against the plaintiff, should Ransom E. Johnson, the defendant in this action, succeed in defending it on the ground of usury.

VI. The question then is, can a husband be called as a witness for the defendant, and to defeat a recovery in an action in which his wife, though not named in the pleadings, is the real defendant, and will be compelled to pay the amount recovered, if a recovery is had, and who will be released from a demand chargeable upon her separate estate in case a recovery is defeated ? This, we think, involves the other question : Can a husband be a witness for or against his wife in any action which involves her character, her property, or her liberty ? We insist that he cannot. (2 *Kent's Com.* 178, *and the authorities there cited.*)

*A. S. Kendal,* for the defendant. I. The court erred in excluding Nelson Johnson as a witness for the defendant. If, for the purpose of examining the question, it be conceded that the court correctly found that the money for which this action is brought was obtained for the wife of Nelson Johnson, and that the defendant, R. E. Johnson, signed the notes as her surety, and that the wife intended to charge her separate estate by signing the notes, even then, Nelson Johnson was a competent witness for the defendant. A witness never was excluded by reason of his interest, but upon the following grounds: 1st. That he was directly interested in the event of the particular action; or, 2d. That in a subsequent suit, the record of the former might be used for or against him. (1 *Phillips' Ev.* 84, 3d ed.) 1st. The court excluded Nelson Johnson as a witness, on the ground that the record in this action might be used by the wife of Nelson Johnson in a subsequent suit against her estate by the now plaintiff, to sustain a defense of usury to be set up by her. In this the learned justice erred, for the following reasons: (1.) The relation which subsists between principal and surety, or principal and guarantor, does not render either of them privy to a suit brought against the other. (2 *Smith's Lead. Cases,* 684–6, 5th ed. 2 *Am. Lead. Cases,* 341, 3d ed.; 440–2, 445, 4th ed. *Douglass* v. *Howland,* 24 *Wend.* 35. *Jackson* v. *Griswold,* 4 *Hill,* 522. *Morris* v. *Lucas,* 8 *Blackf.* 9. *Barker* v. *Cassidy,* 16 *Barb.* 177. *Parkhurst* v. *Summer,* 23 *Verm. Rep.* 338. *Masser* v. *Strickland,* 17 *Serg. & Rawle,* 354, 358. *Patten* v. *Caudwell,* 1 *Dall.* 419. *Kip* v. *Brigham,* 6 *John.* 158. *Moss* v. *McCullough,* 5 *Hill,* 134–6.) The principal will not be bound as a privy by the result of a suit brought for the debt against the guarantor or surety. (2 *Smith's Lead. Cases,* 684, 5th ed. 16 *Barb.* 177, *and the cases above cited.* 1 *Kelly,* 410.) (2.) All estoppels are mutual. A record that cannot be used against a party, cannot be used for him. (*Lansing* v. *Montgomery,* 2 *John.* 382. *Ruggles* v. *Sherman,* 14 *id.* 446.

*Dale* v. *Rosevelt*, 1 *Paige*, 35.   16 *Barb*. 182.   (3.) A party
cannot use a record in his own favor, founded in whole or in
part upon his own evidence.   (*Brown* v. *Brown*, 2 *E. D.
Smith*, 155.   *Maybee* v. *Avery*, 18 *John*. 352.   2 *Cowen & 
Hill's Notes*, 541, 2, 167, 3d ed.)   (4.) Where an action is
brought against the separate estate of a married woman, for
money loaned for the benefit of such estate, she cannot set up
the defense of usury.   (2 *R. S*. 182, § 5, *4th ed.   Rice* v.
*Welling*, 5 *Wend*. 595.   *Early* v. *Mahon*, 19 *John*. 150.)
(5.) The wife could not charge her estate by signing the notes.
(*Yale* v. *Dederer*, 18 *N. Y. Rep*. 265, *reversing same case*,
21 *Barb*. 286.   14 *How. Pr. Rep*. 391; 16 *id*. 93.   27 *Barb*.
480.   2 *Sand. Ch*. 288.)   2d. Nelson Johnson could not have
been properly excluded, on the ground that his wife was in-
terested in the event of this action, and was not.   Had he
been excluded upon this ground, it could have been obvi-
ated upon the trial by release.   (1.) Where the interest of
the wife is balanced, the husband is competent.   (*Marshall*
v. *Davis*, 1 *Wend*. 109.   *Cowen & Hill's Notes*, 88, 3d ed.)
(2.) The wife of Nelson Johnson had no preponderance of
interest to favor the defendant, as in any event of this suit
she could not be liable to the defendant.   The ground upon
which the principal is liable to the surety, is an implied
promise by the former that he will pay the surety, whatever
he may be compelled to pay the creditor.   (*Chitty on Con-
tracts*, 517, *8th ed.   Powell* v. *Smith*, 8 *John*. 249.   *Tom* v.
*Goodrich*, 2 *id*. 213.)   (3.) Any costs necessarily incurred
by the surety, and which he may be entitled to recover from
the principal, can only be recovered under a special count,
founded upon the implied promise of indemnity.   (*Bonney* v.
*Seely*, 2 *Wend*. 481.   *Chitty on Contracts*, 518, *8th ed*.)
(4.) Lauraette Johnson, being a married woman, would not
be liable over to her surety, clearly not for his costs.   3d. The
wife of Nelson Johnson had no interest in the event of this
action.   Her separate estate was not liable to be charged with
the payment of this debt.   (1.) Mrs. Johnson did not charge

her estate by signing the notes. (*Yale* v. *Dederer*, 18 *N. Y. Rep.* 265; 17 *How. Pr. Rep.* 165, *S. C.*) (2.) There is an absence of evidence to show that this money went for the benefit of her estate. The evidence of Solomon Deck is all there is on the subject, and that should be excluded. (3.) Were it otherwise, the declarations of Nelson Johnson are clearly insufficient to establish such fact. (4.) Such fact is not established by the evidence of Nelson Johnson, nor by the evidence of R. E. Johnson. Nelson Johnson testifies that the money was not got for the benefit of his wife; that the money was got to purchase a timber lot; that he used this money in purchasing the timber lot in his own name, and in taking out a patent. Ransom E. Johnson testifies that when he signed the notes, Nelson Johnson told him he wanted the money to buy timber; that he signed the notes for that purpose; that Nelson Johnson told him of the timber contract, and he signed the notes for his accommodation; that he had no conversation with Lauraette Johnson on the subject of these notes. Solomon Deck testifies that he never asked for security for money that Lauraette Johnson wanted; that he never had any conversation with Mrs. Johnson as to what use was to be made of this money. Nelson Johnson made the arrangement with the plaintiff before the notes were taken. When Nelson Johnson came for the money, he had the notes with the defendant's name on them, which was not required when Lauraette Johnson wanted money. The learned justice erred in finding that the money was mainly used to stock the wife's mill in Pennsylvania. The only evidence upon that point is, that some of the timber had been taken to the wife's mill. (5.) There is an absence of evidence that the defendant was the wife's surety. The evidence is direct, that he was the surety of Nelson Johnson. (14 *How. Pr. Rep.* 391. 16 *id.* 93. 27 *Barb.* 480.) The money belonged to Nelson Johnson.

II. The court erred in allowing Solomon Deck, the plaintiff, to be examined as a witness in his own behalf, no notice

Deck v. Johnson.

having been served of his intended examination. (*Code,* § 399.)

III. The plaintiff should not have been permitted to testify to the declarations of Nelson Johnson, as to the use of this money.

JOHNSON, J. On the trial of this cause, Nelson Johnson was offered as a witness for the defendant, and was rejected, on the ground that the defendant had signed the notes, on which the action was brought, as surety for the wife of the witness offered. The decision was put upon the ground that should the defendant succeed, the record of the judgment would be evidence to sustain the same defense, in favor of the wife, in an action against her, by the plaintiff, to charge her separate estate. Since the decision of the court of appeals in the case of *Yale* v. *Dederer,* (18 *N. Y. Rep.* 265,) it may be doubted whether there was sufficient evidence before the court to charge her separate estate. If not, the defendant was not, in any legal sense, her surety : because, if her separate estate was not charged, the note, as such, was not obligatory in any respect upon her.·

But conceding that her separate estate was charged by the transaction, and that the defendant is to be regarded as her surety, either in law or equity, in respect of these notes, still the decision was, I think, clearly erroneous. The ground upon which persons at common law are bound by a former judgment, or decree, upon the same subject matter is, that they were either parties to the former action, or stood in legal privity to it, so as to be concluded by it. It is not binding between persons who were neither parties nor privies. It seems to be well settled that in a separate action, brought by the creditor, against either principal or surety, the·party not joined is not concluded or affected by the judgment. (*Douglass* v. *Howland,* 24 *Wend.* 35. *Jackson* v. *Griswold,* 4 *Hill,* 522. *Moss* v. *McCulloch,* 5 *id.* 134. *Barker* v. *Cassidy,* 16 *Barb.* 177.)

And in *Jackson* v. *Griswold* it was held that a surety was not bound by a judgment against his principal, at the suit of the creditor, even where the defense was conducted exclusively by the surety, as agent for his principal, he not being a party to the record.

And in the same case, Cowen, justice, referring to a separate action by the creditor, against the principal debtor, says that "a mere surety for the payment of a debt, without any agreement, express or implied, to be bound by a suit between the principal parties, is, at common law, no more affected by the event, if against him, than a mere stranger." In such a case, however, the learned justice concedes that had the judgment been against the plaintiff, the surety would have been discharged. This, however, is not on the ground of his being a party, or privy, but because the judgment would extinguish the debt ; and the principal thing being destroyed, the obligation of the surety, being the incident, is necessarily destroyed with it. But for the same reason a judgment in favor of a surety, against the creditor, in a separate action by the latter, against the former, would not affect the rights of the creditor against the principal debtor ; because such a judgment would not necessarily extinguish the debt, and such principal debtor would be neither party nor privy to the action. It can scarcely be pretended that Mrs. Johnson is concluded by the result of this action against her surety, as there is no pretense of any agreement on her part, to be bound by any such litigation.

Estoppels, of this description, are mutual ; and as she is not bound, neither would the creditors be, as against her, had the result been the other way.

The rule of the civil law is different, and for a good reason, for there the surety in such a case is regarded as the same party with the principal, with respect to whatever is decided for or against him, and has the right to appeal from the judgment, although not a party to the record. The witness offered was, therefore, a competent witness for the defendant,

Deck *v.* Johnson.

notwithstanding his relation to the principal debtor; although he would not have been, had she been a party to the action.

It follows that a new trial must be granted, with costs to abide the event,

T. R. STRONG, J. It was found at special term, that the money in question was lent by the plaintiff upon the credit of Mrs. Johnson, and her request generally to the plaintiff to let her husband have the money upon her notes; and that it was to be inferred from her giving the notes, and the request made by her, that she intended to charge her separate estate with the payment of the indebtedness; but it was further found, that the money was not borrowed by her for the benefit of her separate estate; and it is equally clear upon the evidence, that it was not borrowed or used for her benefit, in any respect. I think the evidence establishes that she gave the notes, and requested the plaintiff to let her husband have the money on them, for the accommodation and as the mere surety of her husband. In this view of the facts, the principle of the case of *Yale* v. *Dederer*, (18 *N. Y. Rep.* 265,) is decisive against the action. It is held in that case, "that a wife's separate estate is liable to pay her debts during coverture, in whatever form they are incurred, not because her contracts have any validity at law, nor by way of appointment or charge, but because equity deems it to be just that they should be paid out of such estate;" and further, that "if the promise is on her own account, if she or her separate estate receive a benefit, equity will lay hold of those circumstances and compel her property to respond to the engagement. Where these grounds of liability do not exist, there is no principle on which her estate can be made answerable."

The judgment should therefore be reversed, and a new trial granted, with costs to abide the event.

WELLES, J., concurred.                    New trial granted.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Welles* and *Johnson*, Justices.]