[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 420 
The stipulation between the parties, by means of which the application for a further allowance for costs was postponed until after judgment, contained a reservation of the rights of the respective parties. The right to a review was fairly included in this reservation, and that was possibly the motive for entering into the stipulation. But by postponing the application until after judgment, it was impossible to include the order for the further allowance in the judgment. The case, on its general merits, was consequently renewed at the general term and in this court, upon a record which contained no allusion to any such further allowance. It would violate the spirit of the agreement if we should hold that the plaintiffs are precluded by this course of proceeding from presenting to the tribunals of review any questions which might have been made if the application had been heard and determined before judgment, and the order had been incorporated in the judgment. It follows, I think, that in considering the appeal from the order, we should act upon the same principle which would have governed us if we were sitting in review of the judgment, after an affirmance by the general term, and had found this order for an extra allowance among the papers returned upon the appeal. If it had been made before judgment, the record returned here would have contained the papers used on the application, the order of the special term making an allowance of $20,000 in favor of the defendants, the appeal, if there had been one, to the general term from the order, and the dismissal of that appeal on the ground that the decision of the single judge at the special term as to the amount of the allowance was conclusive. As it was made after judgment, pursuant to a stipulation by which all rights *Page 421 
are reserved, we must, on the appeal from the order, exercise the same jurisdiction which would have belonged to us if the order had been parcel of the judgment; we can not in any other way give effect to the terms and plain intention of the stipulation.
If I am right in this view, the question before us is whether the discretion of the court, mentioned in the 309th section of the code, is an uncontrollable discretion of a single judge, not subject to be examined by the general term of the supreme court. If this is the case, it is obvious that allowances in the nature of judgments for very large sums, may be passed by one judge, without a right to question their correctness before any higher tribunal, while many other orders and the verdicts of juries for any amount, however small, are subject to be examined upon several successive appeals. The question, therefore, is, whether an order for an extra allowance made by a single judge before judgment, is the subject of an appeal to the general term. By the section of the code, providing for appeals from orders of a single judge to the general term (§ 349), one of the cases in which an appeal lies is where the order involves the merits of the action, or some parts thereof, or affects a substantialright. It may, perhaps, be doubted whether a question respecting the costs can be said to involve the merits of the action; but I think this order affects a substantial right, within the meaning of the section. In construing the section we see in the first place that it concedes that there are some orders of a special term which are not the subjects of an appeal to the general term, and that such as affect a substantial right are not within that category. In a general way it may be said that every order which may be made in a cause affects the rights of the parties in some appreciable manner. What, then, is meant by the termsubstantial right? In my opinion it is distinguished from a formal right. Suitors have a certain right to require the observance of all the terms *Page 422 
of legal procedure; but inasmuch as it would be productive of infinite delay and expense if every decision upon a matter of practice was subject to be examined on appeal, the legislature wisely determined that the litigation upon such points, which were generally of minor importance, should be limited to the court or judge who first made the order. Parties frequently commit laches in the proceedings in an action, and are obliged to apply to the court for relief, or to be let in to answer or the like, and proceedings are frequently set aside for irregularity, upon or without terms; and the cause proceeds; and it may be eventually determined in favor of the party who was beaten on the motion. These orders, or some of them, are only important in respect to the manner in which the case is eventually to be tried on the merits. Without now undertaking further to classify them, it is sufficient to say that an order which peremptorily and finally charges a party with the payment of a sum of money, great or small, which he ought not to pay, or with a greater amount than he ought to pay, affects his rights, not in a matter of form but in substance; and such was the nature of the order in this case. It was, therefore, examinable at the general term, and it was error in the general term to refuse to take cognizance of and to examine it on the merits, on the plaintiff's appeal.
The further question is, whether we have jurisdiction to correct this error on an appeal from the order of dismissal. It is no answer to say that it did not enter into the judgment, and thus become an intermediate order within the first subdivision of the eleventh section of the code. The stipulation waives that objection, as has been already stated. We have, on a former occasion, sat in review of the judgment, and have affirmed it; but the order was not then in the judgment, and could not be reached, if we would otherwise have had jurisdiction of such a question. We have no jurisdiction to review intermediate orders before judgment *Page 423 
in the action, except such as determine the action and prevent a judgment. But on an appeal from the judgment we are to review any intermediate order involving the merits, and necessarily affecting the judgment. Supposing this order to have been made before judgment, and to have been brought up to the general term by the appeal from the judgment, as would have been the case but for the stipulation, could we say that it did not necessarily affect the judgment? To my mind, it affected it in this way: It rendered that absolute and final which was in law examinable at the general term, and this was affected by the order of dismissal which is appealed from. Hence I am in favor of reversing that order.
Whether we could examine the merits of the allowance is another question. We have, in several cases, disclaimed any right to interfere with an adjudication which was discretionary in the supreme court. The code, in terms, makes this matter of extra allowances discretionary. It is not implied from this, that it is the discretion alone of the single judge who makes the order; nor does that expression affect at all the jurisdiction of the several branches of the supreme court. When the case is removed to another court whose province it is to review determinations in matters of law of the subordinate tribunals, the matter is presented in a different aspect, and it seems to me that we cannot review the discretion of the supreme court.
DAVIES, MULLIN and WRIGHT, JJ., concurred with the chief judge.