JAMES G. KING, AND ANOTHER, PLAINTIFFS IN ERROR, *v.* THE MAYOR, &c., OF NEW YORK, DEFENDANTS IN ERROR.

*Street Openings—Commissioners' Report—Conclusive when?*

The report of the commissioners appointed by the Supreme Court to assess damages, &c., sustained by persons whose lands have been taken for purpose of streets in the city of New York, when confirmed by the Supreme Court, is conclusive, and no appeal lies from such determination.

*W. Tracy* for Plaintiffs in Error.

*R. O'Gorman* for Defendants in Error.

DAVIES, CH.J.—This matter is brought before us by a writ of error, through the instrumentality of which the Plaintiffs in Error seek to review an order or judgment of the Supreme Court, dismissing an appeal taken by the Plaintiffs in Error from an order of the Special Term. Said order at Special Term was made in a proceeding instituted by the Mayor, Aldermen, and Commonalty of the City of New York, under chap. 86 (V. & W. 2, p. 342) of the Revised Laws of 1813, for the purpose of ascertaining the compensation to be made to the owners of a certain piece or parcel of land, required for the purpose of opening Seventy-sixth street, from the Eighth Avenue to the Hudson River, in said city, and to assess upon the property benefited by the proceeding, the costs, charges, and expenses thereof, and the damages awarded for the land so taken.

The last clause of article 5, of the amendment to the Constitution of the United States, declares that "private property shall not be taken for public use, without just compensation," and the last clause of § 6, article 1, of the Constitution of this State, is in the same words.

By § 7, of article 1, of the Constitution of this State, it is declared that "when private property shall be taken for any public use, the compensation to be made therefor when such compensation is not made by the State, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law." By an act passed April 3,

1807, Gouverneur Morris, Simeon De Witt, and John Rutherford were appointed commissioners to lay out into squares, avenues, and streets, all that part of the city of New York " to the northward of a line commencing at the wharf of George Clinton, on Hudson River, thence running through Fitzroy road, Greenwich lane, and Art street, to the Bowery road; thence down the Bowery road to North street, thence through North street, in its present direction, to the East River." In pursuance of the provisions of this act, the commissioners made and filed the maps, therein required, on the 1st day of April, 1811. Chapter 86, of the Revised Laws of 1813, prescribes the mode in which compensation is to be made for the taking of the lands so laid out for squares, avenues, and streets, and the manner of payment therefor. Sec. 177 of said act declares that whenever and as often as the said mayor, aldermen, &c., shall be desirous to open any street, avenue, square, or public place, or any particular part or section of any street or avenue laid out by the said commissioners, under the Act of April 3, 1807, it should be lawful for the said mayor, &c., to open any such street, &c., or any section or part thereof, which the said mayor, &c., should deem necessary or useful, and make compensation and recompense to the parties and persons whose lands might be required therefor.

Sec. 178 provides that it might be lawful for the said mayor, &c., to make application to the Supreme Court for the appointment of three commissioners, who were designated in said act as " Commissioners of Estimate and Assessment." Said commissioners were to estimate the loss and damage to the various persons and parties whose lands were required for such street or avenue, or, in other words, fix the just compensation and recompense for the private property taken for public use; and, in the second place, said commissioners were to make a just and equitable estimate and assessment of the benefit and advantage to the owners of the several pieces of land benefited by said proceeding, and not required for the purpose of opening or laying out said street, avenue, &c.; and § 185 of said act declares that all the moneys which the said mayor, &c., shall be liable to pay for the compensation

and recompense reported by said commissioners, and the charges and expenses of the estimate and assessment and report, and all such other expenses, disbursements, and charges as may be incurred by the said mayor, &c., in and about said proceedings, shall be borne and reimbursed and paid to the said mayor, &c., by the parties deemed to be benefited thereby; and if the sums assessed by the commissioners for benefit and advantage shall not equal said sums, then the said mayor, etc., were authorized to cause a further assessment to be made, to reimburse and pay all such sums, costs, charges, and expenses as they had incurred in and about said proceeding.

In pursuance of these provisions of law, the Defendants in Error applied to the Supreme Court of the First Judicial District to appoint three commissioners to estimate the just compensation and recompense to be paid for the taking of the lands required for the opening of Seventy-sixth street, from the Eighth Avenue to the Hudson River.

The Constitution prescribed that such compensation should be ascertained by at least three commissioners appointed by a court of record. The said commissioners were also directed to perform the other separate and distinct duty of making an estimate and assessment of the benefits and advantages accruing to the owners of lands benefited by said taking and opening, and not required therefor.

It would appear from the Estimate Book that said commissioners proceeded to discharge the duty enjoined upon them, and made an estimate of the just compensation and recompense to be made for the lands and property taken for such opening, and made an estimate of the benefit and advantage resulting from said opening to the various parties deemed by them to be benefited thereby. That said commissioners made their report herein in the manner required by law. That the Plaintiff in Error objected to the award made to one James P. Perkins, for the loss and damages sustained by him for the taking of a building standing in said street, and that said commissioners had included in said estimate for benefit and advantage, the sum of $5,576.84 for costs, charges,

and expenses, in addition to the sum of $3,038 awarded by said commissioners for damages for property taken. A motion was made at the Special Term of said Supreme Court for the confirmation of the said report of the said commissioners; and, on hearing counsel on behalf of the parties, the same was confirmed; and on appeal to the General Term of said Court by these Plaintiffs in Error, from the said order of said Special Term, said appeal was dismissed.

And to review this judgment or order, this writ of error is brought.

The 178th section of the statute, already quoted, also declares that the report of said commissioners, when so confirmed by the said Supreme Court, shall be final and conclusive upon the said mayor, &c., and upon the owners, &c., and upon all persons interested in the lands, &c., mentioned in the said report, and also upon all other persons whomsoever; and that on such final confirmation of such report by the said Court, the said mayor, &c., shall be seized in fee of the lands mentioned in said report, and required for the opening of said street, &c.; and the said mayor, &c., are authorized immediately to take possession of the same.

Sec. 183 of the act makes it the duty of the said mayor, &c., within four calendar months after the confirmation of the report, to pay to the respective persons mentioned therein, to whom awards have been made, the sums so estimated and reported in their favor respectively; and in case of neglect to make such payment within that time, said persons were authorized to demand the same, and if not paid to sue for and recover the same, with lawful interest; and provision was also made for the collection of the said sums assessed for benefit and advantage.

The first question which presents itself for consideration is whether a writ of error lies to this Court to review the order of the General Term, dismissing the appeal to that Court. I am strongly inclined to the opinion that it does not, and that if these Plaintiffs could have reviewed in this Court the order of the General Term, it could only have been done by way of appeal. Sec. 1 of the Code of Procedure divides all remedies in the court of justice into actions and special proceedings, and § 2

defines an action to be "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offence," and the third section declares every other remedy a special proceeding.

Now, it cannot be questioned that the right given to the mayor, &c., to institute proceedings in a court of justice to perfect its title to lands required for a public street, avenue, &c., and to ascertain the just compensation to be made for the land so taken, is a remedy given to that corporation for that purpose, and not being an action, is necessarily a special proceeding. Under a similar proceeding, viz., a proceeding to assess damages for lands taken for a plank road under the general plank road law (Laws of 1847, chap. 210), the Supreme Court, at General Term in 1850, held, that it was a special proceeding within the Code, and a review was to be had by appeal (Ex parte Ransom, 3 Code Rep. 148). This Court in the matter of New York Central Railroad Company *v*. Marvin (1 Kern. 276), which was an appeal to this Court from an order of the Supreme Court, made at General Term, confirming the report of commissioners to appraise the compensation to be made for lands proposed to be taken under the general railroad act, cited this decision with approbation. And in the case just cited, this Court held, that inasmuch as all remedies in courts of justice are by the Code (§ 1) divided into actions and special proceedings, the application to the Supreme Court for the appointment of commissioners, and the appraisal, report and confirmation, must fall within the latter subdivision of remedies. And the same doctrine was reaffirmed by this Court in the case of the matter of extending Canal and widening Walker streets (2 Kern. 406). We must assume, therefore, in conformity with the repeated adjudication of this Court, that the proceeding sought to be reviewed in this Court by the present writ of error, is a special proceeding within the meaning and intent of the Code; and it follows that, if reviewable at all, it can only be reviewed by appeal in the manner pointed out by the Code. In 1854 (Laws of 1854, chap. 270), an act was passed

in relation to special proceedings, and this Court held that in a matter like that now under consideration, this act was applicable. It provided that an appeal might be taken to the General Term of the Supreme Court from any judgment order or final determination made at any Special Term in any special proceeding.

In the matter of the widening of Wall street, a report of commissioners of estimate and assessment was presented to the Special Term of the Supreme Court for confirmation, and the same was refused. An appeal was taken from that order to the General Term of the Supreme Court, and heard upon its merits, although it was then only insisted that the order was not appealable (17 Barb. 617).

Another reason why this Court could not, if the order of the General Term were properly before us for review, examine the order and review the same is, that the statute already quoted declares the confirmation of the commissioners' report by the Supreme Court to be final and conclusive upon all persons whomsoever.

This Court, in the matter of The New York Central Railroad Company *v.* Marvin (*ubi supra*), held that similar language, under the general railroad act, precluded an appeal to the Court of Appeals.

Then the statute provided that the second report should be " final and conclusive " upon all the parties interested. Judge Parker, in the opinion of the Court, says : " The railroad act prescribes an entire system for ascertaining the value of the lands taken. It contains no express provision authorizing an appeal. It gives to the Supreme Court the power of granting a rehearing but once ; and by declaring the second report ' final and conclusive,' it not only precludes any further action on the part of the Supreme Court, but cuts off also any appeal from such second report to this Court. This restriction is, I think, evidence of a design to limit the extent to which litigation should be permitted on a mere question of appraising the value of land, and to confine it to the several steps and hearings expressly permitted by the act."

But I understand the precise point now under consideration was disposed of by this Court, in the matter of Canal and Walker

streets (*ubi supra*). In that case, a report of commissioners of estimate and assessment had been made in a similar proceeding to the one in this matter, and under the same statute. The original order of confirmation was made at Special Term, on the third day of December, 1853. An appeal was taken to the General Term of the Supreme Court, and in September, 1854, that Court, at a General Term in the First-District, made an order affirming the order of the Court made at Special Term. From this order of affirmance an appeal was taken to this Court, and, on motion, the appeal was dismissed, on the ground that the final determination of the Supreme Court was made by statute "final and conclusive," and such final order in that Court was not open to review in this Court. Judge Gardiner, in the opinion of the Court, pertinently observed: "The presumption certainly would be, that a Court, whose peculiar office was to supervise others, would not transcend its own jurisdiction; while the parties interested would have the judgment of men selected for their experience and legal knowledge, acting in view of a high official responsibility, with reference to what was due to their position, to the public, and to the opinion of an intelligent profession. The language of the statute in reference to a court clothed with such authority would be senseless, if not construed as it reads; that in cases of assessments for opening and widening streets, their orders and judgments 'should be final and conclusive upon all persons interested whomsoever.' Such is the case before us. That all should have been satisfied was not to be expected. But those who felt themselves aggrieved have had one or more hearings before the commissioners, another before the Supreme Court at Special Term, and a review of the whole proceeding before a full bench at the General Term of the same Court. In a great majority of these street cases, the controversy does not originate in a difference of views as to the laws of property or those affecting the jurisdiction of the Court, but in reference to the apportionment of the burden imposed in carrying out the improvement. These last present questions of fact almost exclusively, which cannot be reviewed here; and if they could, the chances of a correct decision

would not be increased by a further departure from the source of the evidence. There is nothing, therefore, in the character of the Court pronouncing the judgment appealed from, or in the nature of the proceeding itself, that indicates improvidence, or inattention to the rights of parties by the legislature in declaring that the decision of the Supreme Court should be 'final and conclusive.' And there is nothing in either consideration to justify us in departing from the plain import of the provision, in order to sustain our own jurisdiction."

These views are decisive of the propriety of a review by this Court of the order made in this matter, without any reference to the question whether it had been properly brought here? *Quacumque via* it came, here we are bound, in conformity with the adjudications of this Court, to hold that the final order of the Supreme Court at General Term, confirming the report, is " final and conclusive," and not open to review in this Court. It is to be observed in this connection, that in this case, as in that of Canal and Walker streets, the only matter of controversy is in reference to the extent and apportionment of the burden imposed in carrying out the improvement. The Plaintiffs in Error complain that the burden imposed upon them as owners of property benefited has been improperly enhanced from two reasons :

1. By an excessive award of $3,000 to one Perkins, for a building standing on the lands taken for a street.

2. By allowances of the clerk in the taxation of costs, which were illegal and improper.

The first objection, it is seen, being one of value of the building taken, is exclusively a question of fact, and is not reviewable in this Court; and the second more or less involves questions of fact, which cannot be inquired into on appeal to this Court. This Court has uniformly held that it has no power to review the taxation of costs or allowances made under the Code. As the objections of these Plaintiffs, therefore, present no question of law, it is obvious that this Court, for this reason alone, could not review the determination of the Supreme Court.

We have no doubt that the order made in this matter was

appealable to the General Term of the Supreme Court, and that the order or judgment which the statute declares to be " final and conclusive," is that which the Supreme Court finally makes in the matter.

Such has been the uniform practice in matters of this kind, and they being special proceedings within the meaning of the Code, an appeal lies from the orders of the Special Term therein to the General Term. This Court has frequently declared such proceedings to be special proceedings, as designated by the Code, and recognized the practice of appeals therein from the Special to the General Term. It was the duty of the General Term, therefore, to have heard the appeal, and not to have dismissed it. If that order had been brought to this Court by appeal, we should have reversed it on this ground alone, upon the authority of the cases of The People *v.* New York Central Railroal Company (29 N. Y. 418), and Bank of Geneva *v.* Reynolds (33 N. Y. 160), and other cases, in which the rule laid down has been followed. But as already observed, a writ of error does not lie to bring up for review a decision of the Supreme Court in a special proceeding, as defined by the Code, and nothing remains for the Court to do in this case but to order the writ of error herein to be dismissed with costs.

All concurred.

Dismissed.

.JOEL TIFFANY,<br>State Reporter.