THE HANOVER FIRE INSURANCE COMPANY, Respondent, v.
THEODORE E. TOMLINSON, Appellant.

Where an order which affects a substantial right is made at Special Term
the party affected is entitled to have the question reviewed by the
General Term, although it involves questions of discretion; and a
refusal by the latter to entertain the appeal, and pass upon the merits,
is an error of law reviewable in this court.

Accordingly *held*, that an order of General Term dismissing an appeal
from a Special Term order giving plaintiff leave to bring an action
upon a judgment was error, and was reviewable here.

*H. F. Ins. Co.* v. *Tomlinson* (2 N. Y. S. C. [T. & C.], 657) reversed.

(Argued May 26, 1874; decided September 22, 1874.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, dismissing an appeal
from an order of Special Term giving plaintiff leave to bring
an action upon a judgment in a foreclosure suit between the
same parties for an alleged deficiency upon sale. (Reported
below, 2 N. Y. S. C. R. [T. & C.], 657.)

The usual judgment of foreclosure and sale was entered
with directions for judgment against defendant for deficiency.

The report of the referee showed a deficiency, but no judg-
ment for the amount thereof was entered.

*Theodore E. Tomlinson*, appellant, in person.

*C. E. Tracy* for the respondent. The appeal should be
dismissed. (Code, § 11, subs. 3, 4.) The order at Special
Term was obtained upon due notice and after hearing counsel
for defendant, and is in proper form. (Code, § 71.) The
determination of the court as to the sufficiency of the good
cause shown was a matter within its discretion; and it having
obtained jurisdiction, both of the parties and the subject-
matter, the order is not appealable. (Code, § 349; *Bk. of
Genesee* v. *Spencer*, 18 N. Y., 159; *Field* v. *Stewart*, 41
How. Pr., 95.)

RAPALLO, J. Conceding that it was discretionary with the court at Special Term whether or not to grant leave to the plaintiff to bring an action upon the alleged judgment, yet we think that the General Term erred in dismissing the appeal from the order made at Special Term granting such leave. We have repeatedly held that, although this court is limited in the review of orders to such as do not involve any question of discretion, yet that no such limitation is imposed upon the General Term in reviewing orders made at Special Term; and that where an order which affects a substantial right is made at Special Term the party appealing therefrom to the General Term is entitled to have it reviewed there, notwithstanding that it involves questions of discretion; and that a refusal by the General Term to entertain the appeal, and pass upon its merits, is an error of law reviewable in this court. (*People* v. *N. Y. C. R. R.*, 29 N. Y., 418 ; *Matter of Duff*, 10 Abb. Pr. [N. S.], 416 ; *Howell* v. *Mills*, 53 N. Y., 322.)

We are of opinion that the General Term should have reviewed the order upon its merits, and that the dismissal of the appeal was, therefore, erroneous. The case discloses facts which might have justified a reversal of the order made at Special Term, and we cannot say that such would not have been the result had the General Term entertained the appeal and considered the case upon its merits. It is, to say the least, questionable whether there was any judgment upon which an action could properly be founded.

The order of dismissal should be reversed, with costs, and the case remanded to the Supreme Court to hear and determine the appeal.

All concur.

Ordered accordingly.