CATHARINE E. COLLINS, RESPONDENT, *v.* CHARLES E. COLLINS, APPELLANT.

*Alimony — what amount allowed — Appeal.*

Upon an application by a wife for a divorce, the court will not, as a rule, award to her, for alimony, more than one-third of her husband's entire estate.

Although, upon an application for temporary alimony the court may, when but a short time intervenes between the application therefor and the order granting the same, direct that it be paid from the time the application was made, yet when the interval is a long one, *e. g.*, seven years, during which time the wife has succeeded in supporting herself, alimony should only be allowed from the date of the order.

Upon an appeal from order granting temporary alimony in an action for a divorce, the General Term has power to modify the order by reducing the amount allowed thereby.

APPEAL from an order allowing plaintiff temporary alimony, and directing defendant to advance to her counsel the sum of $250.

A motion was made in this action, in June, 1869, for an allowance for plaintiff's support and the expenses of this action. The matter was referred to a referee, and in August, 1875, a report was made that the application should be denied. On the report the following order was made :

" It is ordered that the plaintiff be allowed sixty dollars per month alimony, to date from the service of the papers on the motion for alimony, and that the defendant forthwith pay over to the plaintiff the amount of such alimony now due, and continue the payment

hereafter of said sum of sixty dollars per month, from month to month, until the further order of this court.

"And it is further ordered, that the defendant forthwith pay over to the plaintiff's counsel the sum of two hundred and fifty dollars, as counsel fees."

*Cephas Brainerd,* for the appellant.

*John McKeon,* for the respondent.

DANIELS, J.

The parties, with Charles S. Dewing, as trustee for the plaintiff, entered into articles of separation on the 4th day of September, 1868 The defendant then paid over, for her sole use and benefit, the sum of $5,000 in cash, and conveyed three lots of land in San Francisco to her trustee for her separate use; and he thereupon conveyed them to her. By the articles subscribed, this money and land were to be received by her in full satisfaction of all further claims upon the defendant or against his estate. Soon after that, but at what particular time does not appear, this action was commenced against the defendant for a divorce, because of adultery. The complaint was verified on the 27th of March, 1869, and the action, for that reason, may be presumed to have been commenced near that date. About the same time notice of the motion was given, upon the final hearing of which the order appealed from was made. On the 30th of June, 1869, a reference in it was directed for the purpose of ascertaining a proper sum to be paid for alimony and counsel fee, during the pendency of the action. The hearing was commenced in July, 1869, and proceeded from time to time to the year 1875, and on the eleventh of August of that year the referee made his report. He held that the articles of separation were legally binding upon the plaintiff; that the three lots of land conveyed were worth $4,500; and that they and the money paid formed a suitable provision for the plaintiff's support. By the tenor of the report, it appears that the defendant was not a person of large property, and that he had an imbecile sister dependent upon him. An examination was made of his books, during the progress of the hearing before the referee, from which the plaintiff's counsel insisted it

had been made to appear that the defendant was possessed of what might be deemed a reasonable competency; but that cannot be fairly deduced from the evidence on which the application was finally heard and determined. It is most probable that all his estate would not exceed the sum of from twenty-five to thirty thousand dollars; and it is by no means certain from the evidence that it will equal either of those amounts. The probability is quite decided that the plaintiff received what was the equivalent of about one-third of the defendant's property. He had been in business in this city and in California, but the expenses of the business in both places were very large, and they rendered it unremunerative. The oral evidence was clear that the business proved a losing one, and the books do not satisfactorily show its condition to have been different. It did not appear that the defendant owned other property, except the three lots and a policy of insurance upon his life, surrendered to the company for less than $3,000, its estimated value at the time.

It seems quite probable that the amount received by the plaintiff was very near, if not quite, one-third of the defendant's entire estate; and ordinarily the courts do not feel at liberty to go beyond that for the purpose of providing support and maintenance for the defendant's wife in actions of this nature; though cases have arisen where the decree has given the wife half of the husband's estate. That, however, is not usual, and has not been considered entirely proper, because her legal interest in his property at his decease is, under ordinary circumstances, limited to one-third of his personal estate and dower in the realty owned by him.

For these reasons, apparently, the referee concluded that no further provision should be made for her during the pendency of this action. The motion was brought on for final hearing in 1876, and in June of that year an order was made directing the defendant to pay over to the plaintiff for her support, the sum of sixty dollars a month, from the time the motion papers were served until the further order of the court, and $250 as counsel fees. At that time these monthly installments aggregated a sum exceeding $5,000, and with the money previously paid and the property conveyed, probably equaled one-half of the defendant's entire estate. This was more than would ordinarily be secured by a final decree; and if the order should be maintained it would be likely to render any further proceedings on

behalf of the plaintiff for the determination of the action undesirable; which is a result that it is not the policy of the law to promote. Alimony, during the pendency of the action, is not provided for that purpose; hence it has been limited to a mere support of the wife during the pendency of the suit prosecuted by her, and a sufficient sum to enable her to bring her cause on for trial. The object of the law is to place her in a condition for testing the truth of her complaint, and vindicating her rights as against her husband; and when the allowance so far exceeds what may be necessary for that purpose as to become oppressive upon the husband, it has a direct tendency to exclude him from a hearing before the courts. It is a practical condemnation of him without a hearing upon the allegations of guilt, and for that reason not consistent with an impartial administration of the law. While the wife is required to be provided for, the husband is not to be so far impoverished as to render him incapable of presenting what may prove to be an entirely justifiable defense.

The learned justice who finally heard and decided the motion probably did not have his attention directed to the length of the intervening period which had elapsed since the service of the motion papers. Ordinarily, that will not exceed a few weeks, or months at farthest; and there will then be no impropriety in giving the allowance a corresponding direction. But in this case the time exceeded seven years, and for that reason it rendered the payment required by the order, greater than the exigencies of the case could, in any view of them, require. The plaintiff has supported herself through these intervening years, and if she has become dependent again upon the property of her husband, the allowance should not exceed what her present necessities may require. The object is not to make provision for the past, but to maintain and support her until, with the observance of reasonable expedition, her action can be tried and determined.

The defendant's counsel has strenuously objected to any allowance, because he has denied the validity of the marriage; but the necessity of her position is as much entitled to be relieved, when that may be an attribute of her legal controversy with her alleged husband, as it has been held to be when it arises wholly out of the charge of his marital guilt. The controlling fact is, that the wife has become

engaged in a legal controversy with her alleged husband, which her own financial condition will not enable her to properly present for determination; and to relieve her from that embarrassment, the defendant has usually been required to supply her deficiencies. The reason of the rule renders it as applicable to a controversy presenting the legal validity of her marriage, as to one limited to her vindication against the consequences of her husband's misconduct. The agreement for their separation, if properly entered into, did not preclude her from prosecuting the defendant for a divorce, if she afterwards discovered that he had been guilty of adultery. That was a contingency not contemplated when the articles were executed. The law secured that right to her, even if she had legally bound herself to live separate and apart from him. In the present case she has gone further than to assert the existence of that cause of action. She has added to that the averment of the invalidity of the articles themselves; and she has the right to establish the truth of that allegation, if she shall be able to do so, for the purpose of claiming further relief than that already obtained by means of them, from the defendant's property. And to enable her to maintain that, as well as the other positions taken by her, he may be required to relieve her temporary wants until that can be accomplished by a trial to be had in the action.

The case was one requiring that the defendant should provide for the plaintiff's present necessities; but that can be done without obliging him to submit to the terms mentioned in the order. If her necessities had been pressing, it is not probable that this long delay would have been allowed to intervene between the service of notice and the final hearing of the motion. That of itself presents presumptive evidence that she has not been long dependent upon further pecuniary relief from her alleged husband; and in view of that circumstance and those the evidence tended to establish, the allowance should be simply prospective from the time when the order was made. That will not be unjust to the defendant, because he may bring the cause on for trial and terminate the demand made upon him by an early vindication of his innocence, if that shall prove to be the truth.

There is no foundation for the objection that the order is not one which can be reduced in its amount upon an appeal. The case of

*De Llamosas* v. *Llamosas* (62 N. Y., 618) holds no such doctrine. What was said in its decision applied only to the power of the Court of Appeals. In the General Term all orders affecting substantial rights are the subject of review (*Hanover Ins. Co.* v. *Tomlinson*, 58 N. Y., 215), and an order directing the payment of money has been held to be of that description. (*People* v. *N. Y. Cen. R. R. Co.*, 29 N. Y., 418.)

The order made in this case should be so far modified as to limit the monthly payments to the time succeeding the date when it was made. As to the counsel fees, no change is required in their amount, and as modified the order should be affirmed, without costs to either party.

Order to be settled by DANIELS, J., on two days' notice.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order modified as in opinion directed, and affirmed as modified, without costs; order to be settled by DANIELS, J., on two days' notice.