THE GERMAN AMERICAN BANK, Appellant, *v.* THE MORRIS RUN COAL COMPANY et al., Respondents.

THE SAME, Appellant, *v.* THE PITTSTON AND ELMIRA COAL COMPANY et al., Respondents.

An order fixing the compensation of a sheriff "for his trouble and expense in taking possession of and preserving" property attached, as provided for by section 243 of the Code, is not reviewable here; the sum to be allowed is in the discretion of the judge granting the attachment.

The judge may determine the matter upon affidavits; where the facts are disputed he may order a reference to determine them, but is not bound so to do.

(Submitted May 21, 1878; decided May 28, 1878.)

APPEALS from orders of the General Term of the Supreme Court in the first judicial department, affirming orders fixing the compensation of the sheriff for executing an attachment in each of the causes above entitled. (Reported below, 9 Hun, 205.)

The Morris Run Coal Company, defendant in both of said actions, made an assignment to one Lynch for the benefit of creditors. These actions were commenced; an attachment

was issued in each, which was levied upon the assigned property. Lynch commenced a replevin suit against the sheriff, of which action plaintiff assumed the defense. Subsequently the actions were settled, Lynch paying plaintiff's claims in full. The sheriff thereafter made a motion before the judge who issued the attachment, under section 243 of the Code, for an order fixing his compensation.

The further facts appear sufficiently in the opinion.

*Hiscock, Gifford & Doheny*, for appellant. The orders appealed from were appealable. (New Code, § 190; *N. Y. C. R. R. Co.* v. *Marvin*, 1 Kern., 276; *R. and S. R. R. Co.* v. *Davis*, 55 N. Y., 147; *People* v. *Boardman*, 4 Keyes, 66.)

*J. F. Parkhurst*, for respondents. The order was not appealable to this court. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418; *Martin* v. *Windsor Hotel Co.*, 53 How., 422; *Howell* v. *Mills*, 53 N. Y., 322; *Hasbrouck* v. *Kingston Bd. of Health*, 3 Keyes, 483.) The application was properly heard on affidavits. (*Ger. Am. Bk.* v. *P. and E. Coal Co.*, 9 Hun, 205; 4 N. Y. W. Dig., 270; *Muller* v. *Santler*, 18 Abb. Pr., 452; *Pritchard* v. *Bk. of Cal.*, 51 Barb., 184; *Alberts* v. *Dudley*, 12 Abb., 361; 21 How., 456; *Calhoun* v. *Lee*, 29 id., 1; *Hoge* v. *Page*, 11 id., 207; *Bartlett* v. *Jessup*, 18 Abb., 448; *Jellinghous* v. *Scheidt*, id., 452; *Trenor* v. *Fachin*, 12 id., 136; *Mayhew* v. *Duncan*, 31 Barb., 87.)

ANDREWS, J. It must be assumed, upon the papers presented on these motions, that the plaintiff directed the levy, under the attachments, upon the property mentioned in the affidavits.

The plaintiff assumed the defense of the action brought by Lynch, as assignee, against the sheriff, to recover possession of the attached property, and subsequently the attachment suits and the replevin suits were settled by the payment by Lynch of the plaintiff's debts in full. The sheriff thereafter made a motion before the judge who issued the

attachments, for an order under section 243 of the Code, fixing the compensation to be allowed him for his trouble and expense in taking possession of and preserving the attached property. The motion was made upon affidavits, setting forth the proceedings and the circumstances in respect to the taking, care, and custody of the property by the sheriff, and was opposed upon affidavits, controverting, in many respects, the facts averred in the moving papers. The judge made an order fixing the allowance to the sheriff at $500 in each case in addition to certain fees for serving the attachments, etc., and the order was affirmed by the General Term.

The order is not reviewable in this court. The sum to be allowed to the sheriff was a matter in the discretion of the judge granting the attachments. The affidavits set forth facts entitling the sheriff to an allowance under section 243.

It does not appear that there were any items or charges allowed which were not within the purview of the section. We can only consider the question of jurisdiction ; and the question whether the allowance was too liberal is not before us. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418.) The point that the judge could not determine the matter upon affidavits, and that the plaintiff was entitled to a reference to ascertain the disputed facts, is not tenable. The summary disposition of questions of this character upon affidavits is a common and well-settled practice. A judge may order a reference, in such a case, to take proof of the facts, but he is not bound to do so. A party has no legal right to demand a trial according to the course of common law, in every case where his property may be affected by a judicial proceeding, nor in such a case as this, that the facts shall be ascertained by the examination of witnesses as upon an ordinary trial.

The appeals in both cases should be dismissed, with costs of. one appeal in this court.

All concur.

Appeals dismissed.