CLAYTON L. HILL, AS ADMINISTRATOR, ETC., APPELLANT, *v.* J. DWIGHT ALVORD AND JEROME HOTCHKIN, RESPONDENTS.

*Severance of action — when not granted — order allowing reviewable on the merits.*

In this action, brought by the payee of a joint and several note against the makers thereof, the original plaintiff died and the action was revived by his administrator.  The defendants, one of whom had signed the note for the accommodation of the other, moved to sever the action so that they might severally testify in each other's favor, in order to establish the defences set up in the answer.  *Held*, that as the defendants could be witnesses for each other to the same extent in the joint action that they could in the two actions into which it was sought to separate it, that no reason existed for granting the application, and that an order of severance should not be granted.

On appeal an order directing the severance of an action is reviewable upon its merits.

APPEAL from an order of the Onondaga County Court, severing the action and directing its prosecution against the defendants separately, to enable them to be witnesses for each other therein. The action was brought upon a promissory note, made by defendants, for $600, viz. :.

" Six months after date I promise to pay to Lewis O. Hill, six hundred dollars, at the dwelling-house of Lewis O. Hill, with interest, for value received.

                " (Signed)                    J. DWIGHT ALVORD.
                                    " JEROME HOTCHKIN."

The defence was usury and an alteration of the note after exe-cution. Subsequent to the commencement of the action Lewis O. Hill, the payee and original plaintiff, died, and the action was revived in the name of his administrator, the present plaintiff. It appears that Hotchkin signed the note for the accommodation of Alvord.

*Gott & Evarts,* for the appellant.

*Pratt, Brown & Garfield,* for the respondents.

HARDIN, J. :

Manifestly, the note in suit is joint and several, and a joint action may be maintained upon it, or two separate actions might have been brought upon it. (Code of Civil Procedure, § 967; *Hemmenway* v. *Stone,* 7 Mass., 58; Story on Promissory Notes, 957; Chitty on Bills [Am. ed. of 1839], 561.) As section 967 of the Code of Civil Procedure confers upon the court a discretion in respect to ordering a separate trial, the question presented upon review of the order is, whether the discretion was properly exer-cised. Obviously, it was made for the purpose of improving each maker as a witness for the other maker of the note.

It was settled, under section 399 of the Code of Procedure that, in a joint action upon such a promissory note, neither defendant could be used as a witness for his co-defendant. (*Bennett* v. *Austin,* 5 Hun, 536; *Genet* v. *Lawyer,* 61 Barb., 211.) This case also holds that though the suit was brought by the original holder, and afterwards revived in the name of his representative, makes no difference in the rule. (1871, JOHNSON and TALCOTT) ; *Alexander* v. *Dutcher* (70 N. Y., 386) ; affirming same case and same doctrine in 7 Hun, 439.

In that case Judge RAPALLO remarks that no distinction was made between cases where parties are called on their own behalf, or in behalf of co-defendants, or in cases where they are jointly and severally liable, and he adds : " It might have been reasonable to make such distinctions, but we have no authority thus to sup-plement the act, which is clear and positive in its terms." In section 829 of the Code of Civil Procedure it is enacted, that " a

party to an action, or a party interested in the event, \* \* \* shall not be examined as a witness in his own behalf or interest" \* \* \* concerning a personal transaction or communication between the witness and the deceased person. \* \* \* This section is one in which limitations are provided for under a general rule laid down in the next antecedent section, 828. The limitation is against a party or person interested being a witness "in his own behalf."

When he is offered for another party, the words of the statute do not exclude him, unless he is examined "in his own behalf or interest." Of course, his testimony cannot be used in his "own behalf," or in behalf of his interest," because of the inhibition of the statute. (*Waver* v. *Waver*, 22 Sup. Ct. Repts. [15 Hun], 278; opinion by Talcott, P. J.) But if the accommodation maker is offered as a witness in behalf of the other party, it cannot be said, that his examination is in behalf of such maker, or in his interest, and that he is interested to have the principal fixed and thereby made to pay. But, if he proposes to testify so as to discharge the principal debtor, would he be testifying in behalf of his interest? (Code of Civil Procedure, § 829.)

However, when the maker is examined for his surety, it may be said that he is *interested* to obtain the discharge of the surety, as he then would escape a liability to respond to the surety in the event he was made liable in the action. (*Deck* v. *Johnson*, 30 Barb., 290; *Konitzy* v. *Mayor*, 49 N. Y., 571; *Tilden* v. *Gardiner*, 25 Wend., 663; *Jones* v. *Savage*, 6 id., 658.)

If these conclusions are correct, the parties to this action could be examined, to the same extent if the action be not severed, as they could if it was separated, and *vice versa*. Section 1205 of the Code of Civil Procedure confers a discretion upon the court to sever an action when a several judment may be entered. In this action a separate judgment might be entered. (Sections 454, 456, 967.

But, if the defendants in this case can be witnesses for each other to the same extent in the action joint as originally brought, what need for a severance? If no need for a severance then the order for a separate trial is not based upon any recognized ground, and should be reversed.

Such an order is reviewable upon the merits. (*Hanover Fire Insurance Company* v. *Tomlinson*, 58 N. Y., 216.)

For the reason that the defendants are in no better situation as to being witnesses for each other by the severance, there was no valid ground for the order requiring the action to be severed, and the order of the county court should be reversed, without costs.

TALCOTT, P. J., and SMITH, J., concurred.

Order appealed from reversed, without costs to either party.