## THE PEOPLE, on the relation of Morris, vs. ADAMS.

A defendant, against whom an information in the nature of a *quo warranto* is filed, is not entitled to *double costs*, although judgment be rendered for him.

February 7. COSTS in quo warranto. An information in the nature of a *quo warranto* was filed against the defendant, charging him with exercising the office of constable without warrant. The defendant had judgment, and taxed *double costs* against the relator, who appealed from the taxation.

*By the Court*, NELSON, J. The revised statutes give *double costs* in an action against a public officer elected by the people, for or concerning *any act done* by him by virtue of his office, or for or concerning the *omission to do any act* which it was his official duty to perform. 2 *R. S.* 617, § 24. This provision is broader and more extensive than the former statute : that was confined to particular actions ; this embraces all actions, and extends to suits for *omissions of duty* as well as to *acts done* by virtue of the office held by the party. Yet it does not entitle a defendant, against whom an information in the nature

of a *quo warranto* is filed to double costs. Such a proceeding is not, within the meaning of this statute an action, against a public officer for *an act done* by him by virtue of his office; it is rather in the nature of a writ of right for the people, against him who claims or usurps an office, franchise, or liberty, to inquire by what authority he supports his claim, in order to determine the right. 3 *Black. Comm.* 262. The question to be tried is not whether, admitting the defendant to be an officer, he had lawful right to do the particular act complained of, but whether he is entitled to hold the office which he occupies. The former is the case intended to be provided for by the statute; the latter is not embraced in it. The defendant therefore is not entitled to double costs, and the bill must be reduced to common costs.