## SUPREME COURT.

MATHEW W. STEWART agt. JACKSON S. SCHULTZ and others,
Commissioners of the Metropolitan Board of Health;
THOMAS C. ACTON and others, Commissioners of the Metro-
politan Police, constituting The Metropolitan Board of
Health.

Where an action is brought against *public officers* (Board of Health) to restrain them
by injunction from doing a threatened or anticipated act, alleged to be injurious to
the plaintiff—the plaintiff neither claiming to recover damages, nor asking for relief,
either by reason of acts done or omitted, it does not come within the statute allow-
ing *double costs*, where the defendants succeed in the action. (*Affirming decision
S. C. at Special Term*, 33 *How.* 3, *and concurring in Judge* INGRAHAM'S *views on this
point.*)

The statute giving *double costs*, when adopted, applied exclusively to actions and pro
ceedings in courts of law, and not to suits in equity; consequently it is not appli-
cable to actions of purely equitable cognizance.

*New York General Term, October,* 1867.

*Before* LEONARD, *P. J.* FULLERTON *and* J. C. SMITH, *Jus-
tices.*

AN injunction was granted restraining the defendants from
interfering with or hindering the plaintiff in his business, and
the defendants severed in their answer. The injunction was
subsequently dissolved, and the action discontinued on pay-
ment of taxable costs. The clerk, on taxation, disallowed
the costs of the police commissioners, but allowed double
costs and double disbursements to the attorneys for the sani-
tary commissioners.

The plaintiff and the police commissioners appealed from
the adjustment of the clerk to the special term. It was
there decided by INGRAHAM J. (33 *How. p.* 3), that the clerk
was right in refusing to tax more than one bill of costs; that
the defendants sued as the board of health, could not sever so
as to be entitled to two bills of costs, and that the statute
allowing double costs to a public officer for official acts, applies
only to actions brought for an act done, or for an omission to

do an act in the line of his duty, and not to a proceeding where no damages were sought or relief asked, either for acts done or omitted.

The defendants appealed from the order directing a retaxation, and denying double costs.

ABRAHAM R. LAWRENCE, JR., *attorney for plaintiffs.*
GEORGE BLISS, JR., *attorney for Sanitary Commissioners.*

*By the court,* JAMES C. SMITH, J.    I think this case is not within the statute giving double costs, or taxed costs and one-half thereof in addition.    (2 *R. S.* 617, § 24, *sub.* 1.)

1*st.* The only actions against public officers to which the statute applies, are those brought for some act done by such officer by virtue of his office, or for the omission by him to do some act of which it was his duty to perform.    The only purpose of the present action was to restrain the defendants from doing a threatened or anticipated act, alleged to be injurious to the plaintiff.    The plaintiff did not recover damages nor ask for relief, either by reason of acts done or omitted; he sought to prevent certain official action, contemplated by the defendants.    Such a case is not within the statute.    This was the ground on which Justice INGRAHAM disposed of the question at the special term, and I fully concur in it.

2*d.* I think the statute when adopted, applied exclusively to actions and proceedings in courts of law, and not to suits in chancery, and, consequently, it is not now applicable to actions of purely equitable cognizance.

I am in favor of affirming the order.

LEONARD, P. J., concurring.