Davis v. Cooper.

DAVIS *vs.* COOPER and others.

SMITH *vs.* THE SAME.

STEUART *vs.* THE SAME.

The statute giving double costs to public officers when sued for an act done by such officers, or for an omission to do any act which it was their official duty to perform, was not intended to apply to *suits in equity*.

A suit in equity to restrain public officers from doing certain acts is not within the statute; and if the complaint is dismissed with costs, the defendants are not entitled to double costs.

THESE were all of them suits in equity—injunction suits brought to restrain the defendants from doing the acts complained of in the complaints—and the complaints were all dismissed by the default of the plaintiffs to appear, with

Davis *v.* Cooper.

costs. The defendants, being public officers, claimed that they were entitled to double costs, and so presented their bills and the clerk taxed them, allowing to the defendants double costs. The plaintiff appealed, and a motion for retaxation was made at a special term by the plaintiffs, and the court at special term held that the defendants were entitled to double costs on all their charges in the bill, including disbursements, except their costs on interlocutory motions. And such order of the special term being entered, the plaintiffs appealed from the same, to this court, so far as it holds that the defendants are entitled to double costs ; and they complain of two or three items in the bills, and insist that in no event can double costs be allowed on the disbursements.

*Shoecraft & Snow,* for the plaintiffs.

*B. F. Chapman,* for the defendants.

*By the Court,* MASON, J. I do not understand that the statute giving double costs to public officers when sued for an act done by such officers, or for an omission to do any act which it was their official duty to perform, has ever been held to apply to suits in equity. The statute itself rebuts the idea that it was intended to apply to suits in equity. (2 *R. S.* 617, § 25. 3 *id.* 908, § 4, *5th ed.* 2 *N. Y. Stat. at Large* 640, § 24.) This statute was incorporated into the revised statutes, and must be construed by the light of the then surrounding circumstances when we had a court of chancery, with jurisdiction in equity, and the common law courts which had jurisdiction solely of common law actions. And no lawyer of that period can have forgotten that actions at law and suits in equity, were the common parlance of the profession ; and no solicitor of that period ever thought of calling a suit in chancery, an action in equity. It is only necessary to read the sections 25 and 26, to see that they

have no application to suits in equity. The 25th section says, "in the following actions, if judgment be rendered for the defendant upon verdict, demurrer, nonsuit, non pros; or discontinuance by the plaintiff or otherwise, in any action, certiorari, writ of error, &c. such defendant shall recover the amount of his taxed costs and one half thereof in addition. (2 *R. S.* 617, § 25.)

Now all these expressions apply to proceedings in common law courts, and none of them to a suit in equity. "Shall recover judgment" as contradistinguished from a "decree in equity." All our statutes of that period speak of the final determination of a suit in equity as a decree, and not a judgment, and then the expression "in actions, certiorari, writ of error," &c. is only applicable to proceedings in a common law court, and then the very expressions in the first subdivision, as to the matters for which double costs are allowed a public officer when he defends, are wholly inapplicable to an injunction suit restraining such officer from doing certain acts of an official character.

This section only gives him double costs when he is sued for an act done, or for omission to do an act which it was his official duty to perform. A suit in equity to restrain him from doing such act is not within the statute at all. The 26th section strengthens this construction when it declares that the counsellors and attorneys who have rendered services in the action for the defendant, shall only receive single costs, and that the double costs shall belong to the party. The expression counsellors and attorneys, instead of solicitors, shows that the legislature were speaking of actions at law, instead of suits in equity. The courts have been disposed to give a strict construction to this statute. It was held in *The People ex rel. Morris* v. *Adams*, (9 *Wend.* 464,) that a defendant against whom an information in the nature of a *quo warranto* is filed, is not entitled to double costs, although judgment be rendered for him. It

was held in *Taaks* v. *Schmidt*, (25 *How. Pr.* 341,) that this statute has no application to suits in equity.

The orders appealed from must be reversed, with $10 costs in each case, and a re-adjustment of the costs ordered in each case, in which the clerk will strike from each of the bills of costs, all charges for double costs.

[BROOME GENERAL TERM, November 19, 1867. *Mason, Balcom* and *Boardman*, Justices.]