COMINS *et al.*, appellants, v. SUPERVISORS OF JEFFERSON.

*Action — equitable action by tax payers to restrain collection of tax — when not maintainable — Costs — extra allowance.*

In an action by certain tax payers of a town to restrain the county board of supervisors from levying a tax for the purpose of paying certain railroad aid bonds of the town, issued under authority of certain acts of the legislature, the complaint set forth that plaintiffs were tax payers and assessed upon property in said town, but did not allege that they were liable to be taxed under the legislative acts mentioned, or that they had any right or interest peculiar to themselves and not common to all the inhabitants of the town. *Held,* that plaintiffs had no standing in court to maintain the action, and that their complaint set forth no equity.

Plaintiffs, in their action, sought to set aside and have declared void, bonds to the amount of $300,000. The cause was twice tried, and involved great care and professional responsibility. *Held,* that an extra allowance of $700 was properly made by the special term.

APPEAL from a judgment dismissing the complaint in an action tried at special term.

The action was brought in equity by the plaintiffs, William J. Comins, Samuel H. Tolles and Edwin A. Holbrook, to restrain the defendants, the board of supervisors of Jefferson county, from levying any tax upon the city of Watertown, for the purpose of paying any principal or interest upon certain bonds executed by Willard Jones and others, professing to be railroad commissioners of the town of Watertown, and issued in aid of the construction of a railroad, called the Carthage, Watertown and Sackett's Harbor Railroad under and in pursuance of several acts of the legislature. The action was tried at special term, and the complaint dismissed, and judgment entered accordingly, from which the plaintiffs appealed.

*Lansing & Sherman* and *L. J. Dorwin*, for appellant.

*James F. Starbuck*, for respondent.

E. DARWIN SMITH, J. The complaint states that the plaintiffs are severally residents and tax payers in that portion of the city of Watertown which formed part of the town of Watertown as it existed on the 8th day of May, 1869, and are severally assessed for property upon the assessment roll, in and for said city of Water-

town, for the year 1870 ; and the plaintiffs also allege, in said complaint, that this action is commenced by them on their own behalf, and on behalf of all others owning taxable real and personal property, and being tax payers in that portion of the city of Watertown which constituted a part of the town of Watertown on the said 8th day of May, 1869.

The complaint does not allege that the plaintiffs are liable to be taxed under the acts of the legislature, and the proceedings had under the same, set out or referred to in said complaint or that they have any rights or interest peculiar to themselves or other than such as are common to all the inhabitants of the former village of Watertown, or of that portion of the present city of Watertown, which was formerly (before the incorporation of the said city, May 9, 1869) part of the town of Watertown.

Since this action was commenced, this court, in several cases, has had occasion to consider how far tax payers at large, having no greater or particular interest in the questions sought to be litigated, or in the relief asked for, than the whole body of tax payers in their particular town, district or locality, have any standing in court to maintain suits in equity, to restrain or prevent, or set aside, proceedings of public officers and of persons acting under legislative authority, and have held, in divers cases, that actions in behalf of such parties cannot be maintained, and particularly in the case of *Ayers* v. *Lawrence*, reported since this case was tried, in 63 Barb. 454, and, also, in *Pierce* v. *Wright*, 6 Lans. 310, and *Tift* v. *City of Buffalo*, 1 N. Y. Sup. 150.

These cases follow and conform to the cases of *Doolittle* v. *Supervisors of Broome*, 18 N. Y. 155, and *Rosevelt* v. *Draper*, 23 id. 318.

According to these cases, the plaintiffs have no standing in court to maintain this action, and their complaint sets forth no equity.

If they could maintain this action, every tax payer of the 10,000 inhabitants, comprised within the former village of Watertown at the time of its incorporation into a city (in May, 1869), would have a like right of action.

If it was expedient to consider the question discussed in the elaborate brief of counsel, I should have no difficulty in concurring on the merits, in the main, in the opinion of the learned judge who tried the cause at special term.

The order giving the extra allowance of costs should also be

Comins v. Supervisors of Jefferson.

affirmed, for the reasons assigned at special term.* It was, perhaps, informal, in not specifying the percentage of the allowance and upon what basis it was made. The defendants succeeding in this cause could have an extra allowance, on the ground that the case was difficult and extraordinary under section 309 of the Code.

The allowance could only be made upon the amount of the claim or subject-matter involved in the suit. The plaintiff sought to set aside bonds to the amount of $300,000 and have them held and declared void. The allowance, being within the limits of five per cent on the amount of the claim or amount involved, considering that the cause has been twice tried and was one imposing great care and professional responsibility, we think might be properly made by the judge, in his discretion, at special term. The court, at general term, should, we think, rarely interfere with this discretion unless satisfied that it was abused.

The judgment and order should be affirmed, with costs.

MULLEN, P. J., did not sit in the case.

---

*The following is the opinion delivered at the special term:

HARDIN, J. The defendant is entitled to an extra allowance in this action. The case was both extraordinary and difficult. The labor has been considerable, and the questions examined on the argument have been extensive and difficult, requiring the best professional ability to present them on either side — and the very exhaustive arguments submitted, in addition to the oral discussion, indicate that the learned gentlemen who had charge of this case, on either side, must have expended considerable time and labor in the preparation thereof. *People* v. *N. Y. C. R. R. Co.*, 29 N. Y. 418. See, also, MSS. opinion of MULLEN, J., in *Massey* v. *Supt.*, etc.

This is a case where double costs can be taxed and allowed to the defendant. *Taaks* v. *Schmidt*, 25 How. 341; *Wheelock* v. *Hotchkiss*, 18 id. 468; *Davis* v. *Cooper*, 50 Barb. 376; *Stewart* v. *Shultz*, 34 How. 31; S. C., 50 Barb. 192.

The action was to declare void and irregular $300,000 of bonds issued to aid in the construction of a railroad, and to enjoin the defendants from raising money, by taxation, to pay the coupons issued upon and with said bonds.

The plaintiffs were tax payers and it has been determined that they had no right to the relief asked for by the complaint.

Considering what took place at the special term where the labor of the oral argument was performed, and the briefs produced before the court, and the affidavit produced and read on this motion, the conclusion has been reached that seven hundred dollars should be allowed to the defendant as an extra allowance.

An order to that effect may be entered with the clerk of Jefferson upon service of a copy of this decison upon plaintiffs' attorneys.