Gasper *v.* Adams.

GASPER *vs.* ADAMS and others.

Facts may be averred, in a pleading, according to their legal effect; but facts appearing on the trial, directly different from those averred, will be deemed a variance, although, if properly pleaded, they also would have constituted a good defense.

In an action upon a promissory note, the answer set up the defense of usury on the part of the plaintiff in exacting more than seven per cent on a loan of money, or on giving a further day of payment. The proof was that the makers, being indebted to the plaintiff upon a promissory note, which they were unable to pay at maturity, and being pressed for payment, requested an extension of the time of payment, which the plaintiff's agent refused to grant, unless the makers would give a new note, with two additional indorsers, and pay certain of the said agent's expenses in going to see the makers and of waiting for the new note. This was agreed to, and the note sued on was given for the amount of the principal of the old note, and the expenses of said agent; *Held* that there was a fatal variance between the answer and the proof.

APPEAL from a judgment rendered upon the report of a referee. The action was upon a note made on the 30th of January, 1855, by the defendants James D. Adams and Jesse F. Adams, by which they jointly and severally promised to pay to the order of Asahel Gooding, $410.69, with interest, sixty days after date. This note was indorsed by Asahel Gooding, Phineas Kent and Lemuel Castle, the other defend-

ants.   The plaintiff sued as indorsee; and the complaint alleged presentment and demand of payment, non-payment, and notice to the indorsers.   The answer admitted the making, indorsement and delivery of the note, but alleged that previous to the execution thereof, it was corruptly and against the form of the statute, agreed by and between the plaintiff and the defendants, that the plaintiff should lend and advance unto the defendants the sum of $396.69, and that the plaintiff should forbear and give day of payment thereof to the defendants for sixty days, and that the defendants, for the loan of the said sum of $396.69, and for giving day of payment thereof as aforesaid for the time aforesaid, should give and pay to the plaintiff at the expiration of the 60 days, the sum of $14, being more than lawful interest for the same, making, together with the said sum of $396.69 so to be lent and advanced by the plaintiff to the defendants the sum of $410.69 in the said note mentioned; and also that the defendants should pay to the plaintiff interest on the said sum of $410.69 from the 30th day of January, 1855, until the time of the payment of the said sum of $410.69, in the said note mentioned.

And for a further answer the defendants alleged that the said sum of $14 so agreed to be given and paid to the plaintiff for the purpose aforesaid, and for the interest of the said sum of $410.69 reserved and made payable to the plaintiff by the condition of the note, exceeds the rate of $7 for the forbearing of $100 for one year, contrary to the form of the statute in such case made and provided; by means whereof and by force of the said statute the said writing and promise was wholly void.

The referee found the facts to be as follows, viz:   The firm of Gasper & Co., consisting of the plaintiff and four others, doing business in New York, were the holders of a promissory note, dated 1st January, 1855, made by the defendants James D. Adams and Jesse F. Adams and indorsed by the defendant Gooding, for $396.69, payable in 30 days with interest.   This note was given for goods sold by Gasper & Co. to James D.

Adams. It matured the 2d February, 1855, and was payable at the Bank of Canandaigua, New York, but was not paid. The amount due upon it at maturity was $399.22. After the maturity of the note, the agent of Gasper & Co. called upon James D. Adams, at his residence in Ontario county, for payment. Adams was unable to pay, and requested an extension of time of payment, which the agent refused to grant, unless Adams would agree to give a new note with two additional indorsers and pay certain of the said agent's expenses in going to see him, the said Adams, and which should accrue during the time he should remain in waiting for the new note with such additional indorsers. To this Adams agreed, and thereupon the note set forth in the complaint was made, the same being antedated to the 30th January, 1855, and the consideration of it being made up between the aforesaid agent and said Adams, as follows, viz: Principal of the old note, $396.69; expenses of the agent, $14; making in all, $410.69. The parties had accidentally omitted to include the interest on the old note in their computation for the new one. The whole amount of the agent's expenses which Adams agreed to pay was $18; but $14 only of the same were inserted in the computation for the new note or embraced in it. The note so agreed upon was executed by the makers and indorsers thereof, and is the same note set forth in the complaint. The indorsers received no consideration for their indorsements of the note. That the amount now due upon the note, for principal and interest, was $449.01.

Upon the foregoing facts, the referee held as matter of law, that the contract of usury set up in the answer was not proved as therein charged. He further held that the defendants under their answer could not avail themselves, in this action, of the facts so as aforesaid proved, upon the ground that the variance between the pleadings of the defendants and the proof was fatal; and therefore determined that the plaintiff was entitled to judgment for the sum of $449.01, with costs.

Gould *v.* Moring.

*C. A. Seward,* for the appellants.

*E. & E. F. Brown,* for the respondent.

*By the Court,* CLERKE, J. As the defendants have failed to prove the facts set forth in the answer, and have neglected to ask for leave to make their answer conform to the facts, it is unnecessary for us to consider whether the conclusions of the referee, from the facts proved, were correct. Facts, undoubtedly, may be averred in a pleading according to their legal effect; but facts directly different from the facts averred, will, in all cases, be deemed a variance; although, if properly pleaded, they also would have constituted a good defense.

I think the referee was right in deciding that there was a variance between the answer and the proof, and that the defendants failed to substantiate their defense.

Judgment affirmed with costs.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Ingraham,* Justices.]