# NEW YORK SUPERIOR COURT.

## FRANCIS H. SALTUS agt. SIDNEY C. GENIN, and others.

An *order* made at special term denying a motion to allow an *amended complaint*, is not *appealable*, where it appears:

1. That the motion did not involve the *merits* of the action, or some part thereof, the merits under the original complaint being materially different from the merits under the amended complaint, the latter, if allowed in part only, rendering those under the original wholly immaterial and no part of the merits; and until the amendment is allowed there is no mode of discovering what the merits would be.

2. And where the proposed *change of the merits* comes within the exclusion of the last case enumerated in section 173 as a substantial change of the claim, an order involving the merits not being included in those which rest in the discretion of the court, this motion being addressed entirely to the discretion of the court; the plaintiff being bound to show an excuse for not having originally prepared his complaint in the proposed new form, and also for laches in his application. (*S. C.* 17 *How. Pr. R.*, 390, 3 *Bosw.*, 639.)

3. That the order does not involve a *substantial right*, because if the plaintiff is able to succeed upon one of the alternative state of facts contained in his amended complaint, he can as well try which is true in two actions as one; a decision against him in the present action merely disposing of one of those alternatives, leaving him to experiment on the other in a new action, which could not be affected by a judgment in the present.

*Held*, that if this was an appealable order, the opinion of the learned judge who made it, as reported 17 *How. Pr. R.*, 390, *and* 3 *Bosw.*, 639, furnishes ample reasons for sustaining it. Besides there is danger in allowing such amendments, where a complaint contains a statement of facts which has been sworn to, and no excuse shown of being in any way misled so as to authorize the plaintiff to swear to facts inconsistent with the former statement.

*General Term, June,* 1860, *before all the justices.*

THIS is an appeal from an order made at special term refusing to allow amendment of the complaint after a trial, a hearing at general term upon appeal and a new trial ordered.

The action was commenced in April, 1856, and the issues in it tried in December, 1856. The order for a new trial was made in July, 1858, and the application for leave to amend in March, 1858. (*See* 17 *How. Pr. R.*, 390.)

ALBERT MATTHEWS, *for appellant.*
EDWD. P. CLARK *and* CHARLES TRACY, *for respondents.*

By the court—ROBERTSON, Justice.  I am well satisfied
that the order denying leave to amend was not an appeal-
able one.   The power to amend by leave of the court is con-
tained in the 173d section of the Code, and the orders
from which appeals may be made are enumerated in sec-
tion 349.   If this is appealable at·all, it must be under
the subdivision of that section as involving the merits of
the action, or some part thereof, or affecting a substantial
right.   This motion did not involve the merits of the
action, for until the amendment was allowed and made,
there was no mode of discovering what they would be,
for the merits of the action as they stood under the pre-
vious complaint, charging neglect to buy and sell stock,
would be materially different from the merits of an action
under the amended complaint, which charges that the
defendants either neglected to buy, or else sold for their
own benefit, for if the latter alternative turned out to be
true, the former would become wholly immaterial, and no
part of the merits.

If it be contended, that it was a proposed change of
the merits of the action, that would come within the
exclusion of the last case enumerated in section 173 as a
substantial change of the claim; an order involving the
merits does not include those which rest in the discretion
of the court, (*St. John* agt. *West,* 4 *How., R.,* 331,) and
the motion for this was addressed entirely to such discre-
tion: the plaintiff, in making it, was bound to show an
excuse for not having originally prepared his complaint in
the proposed new form, and also for laches in his applica-
tion; both of these matters were entirely addressed to the
discretion of the court, for until lapse of time and conse-
quent proceedings have rendered an application to the

court necessary, the parties are entitled to amend as matters of course under section 171.

The order under review certainly does not involve a substantial right. If the plaintiff is able to succeed upon one of the alternative state of facts contained in his amended complaint, he can as well try which is true in two actions as one. A decision against him in this case merely disposes of one of those alternatives, leaving him to experiment on the other in a new action, which could not be affected by the judgment in the present one; and the right to the recovery of the money due upon the true state of facts is the substantial right to be affected by an order, from which an appeal lies under the third subdivision of section 349. (*Tallman* agt. *Hinman*, 10 *How.*, *R.*, 90.)

In *Whitney* agt. *Waterman* (4 *Howard*, *Rep.*, 313,) and *Otis* agt. *Ross*, (8 *Id.*, 195), the parts of the pleading sricken out might have affected the rights of the party, and he had no redress for a wrong judgment except on appeal; the decision of the action upon the pleadings thus expurgated excluded him from any relief in any action or any modification of the relief in the action in which the pleading was amended, except by restoration on appeal of the parts stricken out; nor was the plaintiff barred in this case by the statute of limitations from bringing such other action, although perhaps, even if he were, it would only form an argument addressed to the discretion of the court, and not give a right to appeal not otherwise existing. There is nothing in the character of the action, or the amendment, to take it out of the general rule as laid down in this court. (*Ford* agt. *David*, 3 *Bosw. Rep.*, 569, 596; *Marble Iron Works* agt. *Smith*, 4 *Duer Rep.*, 162, *or in the supreme court in Plunkle* agt. *Vaughan*, 12 *Barb. R.*, 215; *Travers* agt. *Binger*, 24 *Barb. R.*, 180; *St. John* agt. *West*, 4 *How. R.*, 331.)

If this were, however, an appealable order, the opinion of the learned judge who made it, as reported in 3 *Bosw.*

*R.*, 639, *and* 17 *How. R.*, 390, furnishes ample reasons for sustaining it. The grounds of laches, the unmeritorious character of the application, the defects in the proposed new pleading, and the, absence of any prejudice to the plaintiff by refusing the order, are fully set forth, and justify the decision. I might add there is some danger in allowing similar amendments in a case where a complaint contains statements of facts, as sworn to in this case, and no excuse is shown that he did so in consequence of being misled by any apparent but unreal state of facts; it is only alleged that the plaintiff found it necessary to amend his complaint by swearing to facts in the alternative, one of which is necessarily inconsistent with that formerly sworn to in the complaint. The oath required to verify pleadings ought not to be so lightly treated; its sanction is required for every suitor who enters courts of justice, that he may not harass a party defendant by an action for matters for which he will not swear upon knowledge or belief founded on information.

In this case, the plaintiff proposes to conform his belief to the requisitions of the court of the facts necessary to make out a case. The main allegation in the new pleading is put in a form which cannot be verified, or rather which renders the allegation itself true, because it is that of a dilemma, and is wholly independent of either knowledge or information of either the alternative facts assumed by it.

In my view of this case, the order appealed from should not be disturbed; but as I am satisfied no appeal lay from it, the present appeal must be dismissed, with ten dollars costs, to be paid by the appellant.