Smith, J.
Upon the facts and conclusions of law found by the judge at special term, a judgment dismissing the plaintiff’s complaint would have been entirely proper. But I cannot see upon what ground a judgment, giving to the defendants affirmative relief upon the pleadings, can be upheld. The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, secundum allegata et probata, is fundamental in the administration of justice. The principle has not been exploded by the Code, although its essential vigor has oeen doubtless to some extent impaired. And it is, I *269 think, quite problematical whether the relaxation of this rule which has been introduced under the Code in modern practice will not involve and produce much greater confusion and mischiefs than it will remedy.
This ease presents an illustration of the tendency at the present time to depart from sound principle on this subject. The plaintiff commenced á suit in equity to stay suits at law, and call for an accounting between stockholders of a voluntary association. The equity of the complaint is denied, and the court holds that it was disproved, and without considering whether the requisite parties were before it, and without any cross-bill or counter-claim asking for affirmative relief, gives an affirmative judgment in favor of the defendants.
The theory of an action at law, or a suit in equity, is that it presents in succinct form the facts and grounds upon which the party instituting suit asks the aid of the court to obtain some right or the redress of some wrong. If the opposite party controverts the facts alleged, an issue is presented for trial. This issue grows strictly out of a denial of some of the allegations of the plaintiff’s complaint, or out of some new facts set up as a defence to the plaintiff’s claim. The question presented upon these issues is simply whether the plaintiff is entitled to the relief demanded. If the decision of the court is in favor of the plaintiff, it gives the relief sought. If the decision is in favor of the defence, the decision of the court simply dismisses the plaintiff’s action.
But section 274 of the Code provides that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side as between themselves: and it may grant to the defendant any affirmative relief to which he may be entitled. This provision doubtless enlarges the primary scope of the action at law. In connection with sections 149 and 150, in- respect to a counterclaim, and providing for the setting up of such claim with, or as part of, the defence in all actions, it gives to every action, within the limits and upon the terms prescribed, a double character. *270 Every action may, within these limits, contain an answer and counter-claim setting up a cause of action not limited to matters of defence.
But the rights of action on defence or counter-claim must be stated in an answer under this section, as much as was ever required under the former system of pleading; and a judgment under section 274 must be made upon the pleadings, and be warranted by and based upon the allegations of the complaint and answer, as much as was ever the case in the courts of law and equity.
It is true that the courts are more liberal than formerly in making or allowing amendments of pleadings, and when the substantial rights of the parties have been fairly tried, trifling variances are disregarded, and judgment given according to the real right of the case as established. (Corning v. Corning, 2 Seld, 97; Hall v. Gould, 3 Kern., 127; 28 Barb., 441-602; 33 id., 238.)
But these cases assume, and this right of disregarding variances proceeds upon the ground, that the substantial rights of .the parties are set up in the pleadings, and section 169 forbids amendments where the party will be misled or surprised. But the whole scope of these provisions of the Code, in respect to pleadings and amendments thereof, implies that all the material allegations of the plaintiff or defendant shall be spread upon the record, shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended nunc pro tunc at the trial, and the court will so order to perfect the record so that it shall show the question really litigated and decided. The principle still remains that the judgment to be rendered by any court must be secundum allegata et probata; and this rule can* not be departed from without inextricable confusion and uncertainty and mischief in the administration of j ustice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated.
*271 The judgment in this case is in clear conflict with this rule. The plaintiff commenced the suit to stay the proceedings at law in actions upon several of the promissory notes in question then pending in the Superior Court of Hew York city. The injunction I think was irregularly issued to stay proceedings in another court of concurrent jurisdiction equally qualified and empowered to give equitable relief. But when it was determined that the action could not be maintained, the complaint should have been dismissed, and the defendants left to pursue their proper legal remedies in the Superior Court. I know of no right in the Supreme Court to take a cause in this way, out of the control of another co-ordinate court, and proceed to give final judgment for the defendants, upon the original cause of action.
This judgment is utterly unwarranted by anything contained in the pleadings. The answer of the defendants was a pure defence. They successfully defended the action, and were entitled to have the complaint- dismissed, with costs. The court had no power to render any other judgment.
The only specific performance that the plaintiff could make was to pay his notes, and judgment for that purpose was a pure legal right which the defendants were entitled to assert in the forum of their own choice.
The judgment should be reversed, and a new trial granted, with costs to abide the event.
Gould, J., dissented.
Judgment reversed, and new trial ordered.