## SUPREME COURT.

MICHAEL MURPHY, THOMAS MURPHY and MARY MURPHY, plaintiffs and respondents, agt. WILLIAM C. DICKINSON and ROBERT GAMBLE, defendants and appellants.

MICHAEL MURPHY, THOMAS MURPHY and MARY MURPHY, plaintiffs and respondents, agt, FREDERICK A. WHEELER and ROBERT J. GAMBLE, defendants and appellants.

MARY MURPHY, plaintiff and respondent, agt. ROBERT J. GAMBLE, defendant and appellant.

An order made at special term denying a motion to strike out certain portions of the complaint as *irrelevant*, or that it *be made more definite and certain*, is *not appealable* to the general term.

*New York General Term, June,* 1870.
*Before* G. G. BARNARD and CARDOZO, *Justices.*

THESE are actions to set aside certain alleged fraudulent conveyances of real property situated in the county of New York.

On the 2d day of June last, the defendants' counsel obtained an order to show cause, from his Honor Justice CARDOZO, returnable at chambers, why certain parts of the plaintiffs' complaint should not be stricken out as irrelevant, or not be made more definite and certain. This motion, on the order to show cause, came on before his Honor Justice INGRAHAM, and his Honor denied the motion in part and granted it in part. That is, Judge INGRAHAM struck out some portion of the complaint as irrelevant, and de-

nied the motion to strike out certain other parts of the complaint as irrelevant, or to make more definite and certain.

The defendants now appeal from so much of the order of Justice INGRAHAM as refuses to strike out certain parts of the plaintiffs' complaint as irrelevant, and to make more definite and certain.

THOMAS ALLISON, *attorney, and*

HENRY L. CLINTON, *counsel for defendants and appellants.*

(After argument of the appeal upon the merits, made the following points.)

I. The orders refusing to strike out irrelevant matters, and to compel the plaintiffs to make the allegations in their complaints more definite and certain, are appealable as involving the merits or affecting a substantial right. (*See Code* § 349.)

It is clearly " a substantial right," possessed by both parties to go to trial only upon *material* and *issueable* facts. This "substantial right" can be protected and enforced in no other way than by having the pleadings purged of irrelevant matters, and made more definite and certain where the allegations are so loose and indefinite as not to apprise (within the rules of pleading), the defendants of the facts sought to be established against them.

In *Hunter* agt. *Powell,* 15 *How.,* 221, the court at general term entertained an appeal from an order at special term, striking out portions of a complaint, and decided the matter upon its merits. The right to appeal under the section of the Code above cited, on the ground that the order affected a substantial right, was so clear that it was not questioned by the counsel on either side, or by any of the judges. (ALLEN, JAMES and ROSEKRANS,) constituting the general term.

In *Seeley* agt. *Engel,* 3 *Kern.,* 548, DENIO, Ch. J., in

speaking of an allegation which was loose and general, says : " If the allegation in that respect was too general in its terms, the remedy of the plaintiff was, by a motion under section 160, to compel the defendant to make it more certain. *(The People* agt. *Ryder,* 2 *Kern.,* 433.) By omitting to do this, and especially by replylng, as though he understood what was intended to be set up, *he was precluded from objecting to* the evidence on the trial."

If the defendants, in the cases at bar, are compelled to answer while the allegations in the complaints remain so loose and indefinite, they will be precluded from objecting to evidence on the trial of any facts *not* specified in the complaints, but which ought to be stated in them, in order to apprize the defendants of the specific charges sought to be made against them.

In *White* agt. *Spencer,* (14 *N. Y.,* 250,) DENIO, Ch. J., says, after reviewing the authorities : " The doctrine established by these cases is, that a defective pleading, *though the defect be of one substance,* will not warrant the judge at the circuit in excluding evidence of the claim or defence thus imperfectly set up."

In *Wall* agt. *The Buffalo Water Works Co.,* 18 *N. Y.,* 122, ROSEVELT, J., in delivering the opinion of the majority of the court of appeals, says : " But the plaintiff, if dissatisfied with the vagueness and uncertainty of the pleading had his remedy by motion. Not having applied at the proper time for an order to compel the defendants to be ' more definite and certain,' he is presumed to have been satisfied with the pleading as it stood, especially as he knew that under the present system, it was made the duty of the court to construe pleadings liberally, &c."

In *Quintard* agt. *Newton,* 5 *Rob.,* 79, ROBERSTON, Ch. J., in delivering the opinion of the court at general term, says : " Where a defendant, therefore, has omitted to move to make more definite and certain, or to strike out irrelevant or redundant matter, it may be assumed that he fully un-

derstands the nature of the charge against him, and is prepared to meet it, and that nothing contained in the complaint is to be rejected, as irrelevant or redundant, provided it relates to a cause of action."

The principle underlying the above decisions are also recognized and adjudicated in the following cases : *(Curry agt. Coles, 6 Bos., 452; McMurray agt. Gifford, 5 How., 14; Burrall agt. Bowen, 21 How., 378.)*

II. The order at special term, should be reversed so far as it denies the motions to strike out, or make definite and certain the portions of the complaints specified in appellant's points.

H. DAILY, Jr., *attorney and counsel for plaintiffs, and respondents.*

I. An order refusing to strike out certain portions of the plaintiff's complaint as irrelevant, is not an appealable order. It does not "involve the merits, or any part thereof." The very ground of this motion is, that the matter sought to be stricken out, *"is irrelevant."*

If the matter is *irrelevant* it *cannot involve the merits,* and if it does *not* involve the merits, then *the order is not appealable. (Bedell agt. Stickles, 4 How., 432; Whitney agt. Whitney, 4 How., 313; § 349 of the Code.)*

If, however, it should be claimed that the matter does involve the merits, then the order of Justice INGRAHAM is right in refusing to strike out the merits, and his order should be affirmed if the appeal is entertained.

The order of Justice INGRAHAM is clearly right. The power to strike out matters in a pleading as irrelevant or redundant, has always been cautiously exercised.

II. The power to strike out parts of a pleading should be carefully exercised, and a motion of this kind should be denied, unless it clearly appears that the defendant will be greatly prejudiced by the retention of the alleged matter

in the pleading.   In this case, no such fact appears.   *(The People* agt. *McCumber, et al.,* 18 *N. Y.,* 315; *Webb* agt. *Van Zant,* 16 *Abb.,* 190.)

If this appeal is entertained, then the order of Justice INGRAHAM should be affirmed with costs.

At a general term of the supreme court of the state of New York, held at the county court house in the city of New York, on the 7th day of June, A.D. 1870.

*Present,* *Hon.* GEORGE G. BARNARD *and* ALBERT CARDOZO, *Justices.*

MICHAEL MURPHY and others, respondents, agt. WILLIAM C. DICKINSON and ROBERT J. GAMBLE, appellants.

The appeal in this action from the order of his Honor, Justice INGRAHAM, made and entered herein on the 15th day of July, 1869, denying the motion of defendants to strike out certain parts of plaintiff's complaint as irrelevant or be made more definite and certain, coming on to be heard, and after hearing H. L. Clinton, Esq., in favor of appellant, and H. Daily, Jr. Esq., in favor of the respondent: It is ordered, that said appeal be and the same is hereby dismissed, and the order of Justice INGRAHAM affirmed, with costs, on the ground that the order of his Honor, Justice INGRAHAM is not appealable.

A like order was entered in each of the other two causes,