## COURT OF APPEALS.

In the matter of the application of John A. Duff, receiver of the Olympic Theatre, for authority to lease the same.

An order of the special term prescribing the terms upon which a lease of certain real and personal property was directed to be executed, *is appealable* to the general term.

The general terms were designed, not only, for the redress of *legal* errors occurring at the special terms, and before referees, but those of *fact* likewise. Hence, a review of the facts may be had before the general term, upon an appeal taken from the judgment, and orders of the former courts.

They were also designed to redress wrongs arising from an erroneous, arbitrary, or otherwise improper exercise of discretion by the former. Hence, the definition of a *substantial right* as used in the 349th section of the Code in providing for appeals from the special to the general term of the supreme court, in the case the *People* agt, *N. Y. Central R. R. Co.*, (29 *N. Y.*, 418).

*December*, 1870.

Appeal from an order of the general term in the first district, dismissing an appeal from an order of the special term.

B. C. Thayer, *for appellant—Bolles*.

Brown, Hall, *and* Vanderpool, *for respondent—Duff*.

Grover, J.—The order of the general term from which the appeal was taken, was one dismissing an appeal from an order of the special term, prescribing the terms upon which a lease of certain real and personal property in the city of New York, was directed to be executed by the respondent to Mr. Hayes. The respondent was appointed receiver in an action instituted against him by certain parties claiming the right to redeem the property from him upon the ground that he was mortgagee in possession, but

of which he claimed to be the absolute owner. The appointment of the respondent was made after judgment in the action, declaring that the appellant was entitled to redeem the property from the respondent.

The only ground upon which the appeal was dismissed by the general term was, that the order of the special term was one resting in discretion, and therefore, final in its character, and not appealable to or reviewable by the general term. (Sec 349 of the Code,) provides that an appeal may be taken to the general term from an order made at special term by a single judge in the following, among other cases : 3d. When it involves the merits of the action, or some parts thereof, or affects a substantial right. 5th. When the order is made in a summary application in an action after judgment, and affects a substantial right.

It will, thus be seen, that the question as to the appealability of the order is the same, whether it is regarded as having been made in the action or as made upon a summary application after judgment. In either view, to make it appealable to the general term, it must affect a substantial right.

It was supposed by the general term, that the definition given by this court of a substantial right in *Barante* agt. *Deyermand*, (41 *N. Y.*, 355 ;) and in *Foote* agt. *Lathrop*, (41 *N. Y.* 359,) and in some other cases, was controlling upon that court, and that its meaning as used in section 349, regulating appeals from the special to the general term, was identical with its meaning as used in section 11, regulating appeals from the general term to this court.

If right in this conclusion, the order appealed from is correct, and must be affirmed, as it cannot be denied, that while it was the absolute right of the parties to have the property in question leased upon the most advantageous terms for those having interests therein, yet, the determination of what would be most advantageous when the character of

the property is taken into view, involves to some extent, the exercise of discretions.

In *Barante* agt. *Deyermand*, and *Foote* agt. *Lathrop*, *(supra,)* it was held that the term "substantial right" as used in section 11 of the Code, must be one not only involving some material interest, but one existing absolutely by force of law. In other words, that an absolute right was one to which the party was legally entitled *ex debito justitiae*, one not at all dependent upon the favor or discretion of the court. It will be seen in thus defining it, the court was speaking of it as used in section 11, regulating appeals from the general term to this court, and had in view its use in no other connection. The definition so given, applied as above stated, was correct, and was, in 1870, so recognized by the legislature in amending the Code.

By that amendment, to make an order of this class appealable to this court, it must not only affect a substantial right, but must not involve the exercise of discretion. The latter quality is not requisite to the appealability of orders from the special to the general term of the supreme court. The difference arises from the different purposes for which respective courts were organized. The court of appeals was designed for the redress of such legal errors as might happen in the course of judictaure in other courts, to the end that uniformity in the administration of justice might prevail throughout the state, and that every litigant might have his case tried by the same legal rules. For this purpose, no review upon the facts by this court is given, except so far as the same was necessary to determine legal questions arising thereon, such as exceptions to the granting or denying nonsuits, except in one or two instances. The right to review and control the exercise of the discretion of other courts has not been conferred upon this court, unless by the clauses of the 11th section, previous to the amendment of 1870, making orders affecting a substantial right appealable to this court.

In the construction of these clauses, it was assumed by the court, that the legislature did not intend to innovate upon the object, and designs for which the court was constituted, and thereby add to its functions the duty of reviewing the exercise of discretion of the other courts in all cases where the right of parties might be materially affected thereby. Had such been the legislative intention, and the court had undertaken that duty, it is obvious that so much of its time would have been occupied in its discharge as to practically render the court powerless for the discharge of its primary functions. For these reasons it was held, that by the term substantial right, as used in section 11 of the Code, was to be understood such rights only as the law absolutely conferred, and not such as were dependent upon the exercise of discretion or the favor of the court. This construction harmonized the clauses in which it occurred with other parts. of the Code, giving an appeal to this court upon questions. of law only.

But none of these reasons apply to appeals from the special to the general term. The latter were designed not only for the redress of legal errors occuring at the special terms, circuits, and before referees, but those of fact likewise. Hence, a review of the facts may be had before the general terms, upon an appeal taken from the judgment and orders of the former courts. They were also designed to redress wrongs arising from an erroneous arbitrary or otherwise improper exercise of discretion by the former. Hence, the definition of substantial right as used in the 349th section of the Code, in providing for appeals from the special to the general term of the supreme court in the *People* agt. *N. Y. Central R. R. Co.*, (29 *N. Y.*, 418).

In this case the special term had allowed the modest sum of twenty thousand dollars as an extra allowance to indemnify a party for the expenses of trying what was claimed to be a difficult and extraordinary case, pursuant to the statute authorizing the court to make such allowances in

such cases.   Upon appeal from the order to the general term, the appeal was dismissed upon the ground, that the extra allowance was by the statute placed in the discretion of the court, and therefore, not a substantial right; upon appeal therefrom to this court, it was rightly held that the right to twenty thousand dollars was a very substantial one within the meaning of the section under consideration, and that the people had the right to the exercise of the discretion of the general as well as of the special term, before paying it, and thereupon reversed the order of the general term, and directed that court to proceed and hear the appeal and dispose of the case as in its judgment equity might require.   In this case, a just definition of a substantial right as used in that section is given by DENIO, Judge.   This case has never been overruled in any respect, and is understood law as to the appealability of orders from the special to the general term.

In the present case, it appeared from the affidavits presented at the special term, that it was at least possible that the property might have been leased upon terms more advantegeous than those directed by the special term.   It was the duty of the general term to entertain and hear the appeal, and make such order thereupon as it deemed just. It is claimed by the counsel for the appellant, that inasmuch as the general term had once heard the appeal and reversed the order of the special term, that the general term had no power to grant a rehearing of the case.   This position cannot be sustained.   It was competent for the general term in its discretion, if satisfied that injustice had been done by it, to set aside the order made, and again hear the case, and upon such further hearing, make such order as it determined was just and proper.   The order appealed from must be reversed, with costs, and the case remanded to the supreme court, to hear and determine the appeal.

My brethren concur in the result, but claiming it unnecsssary to determine what is a substantial right as used in section 11 of the Code, do not pass upon that question.