By the Court.—Monell, J.
The order, although in a sense discretionary with the judge who granted it, is reviewable by the general term. It affected a substantial right, within subdivision 3 of section 349 of the Code, and is, therefore, under the authority of In Re Duff, 41 How. Pr. 350, appealable.
The power of a referee in respect to the ordinary incidents of a trial are the same as the court. He can grant or refuse amendments of pleadings, or conform the pleadings to the facts. He cam compel the attendance of witnesses, and is authorized to grant adjournments from time to time, to suit the convenience of parties or witnesses.
A referee, however, has no power to issue a commission to examine witnesses out of the State, nor can he compel the attendance of such witnesses. The court only can allow the issuing of a commission.
The granting óf a commission, although not an absolute right, has become to be almost a matter of course; and when applied for without laches or unreasonable "delay, is usually accompanied by a stay of *214 proceedings for such reasonable time as may be required for its due execution.
Where much time, however, has elapsed, very satisfactory excuse for the delay is required ; and the party applying must make out so strong a case, not only excusing his laches, but of a necessity for the evidence, as will remove the natural suspicion of bad faith (Forrest v. Forrest, 3 Bosw. 666).
And where the trial has been going on, as in this case, for nearly two years, the party should be required, besides excusing the delay, to disclose the nature of the evidence he expects to obtain.
It is probable that no case like this has arisen, when a motion for a commission, 'and a stay of all other proceedings, has been granted, after the evidence has been closed. Indeed, not even after the trial has been begun. The court of course has the power, but I do not know a case where it has been exercised.
The reason for the delay in procuring the evidence of these foreign witnesses is not satisfactory to me. It is that it was expected they would personally attend.
The defendant has no right to rest upon such an expectancy. He, or Ms counsel, knew that such an attendance would be wholly voluntary and could not be compelled ; and if he took the risk of a disappointment, he should be made to take the consequences of the failure.
Besides, he is in default. He has not complied with the condition annexed to the order opening the proofs, and he • is, therefore, shut out from giving further testimony.
In view of the comprehensive powers of referees, on the trial of actions, the court should use its powers of restraint with great discretion and caution ; and should not interrupt or stay the trial, except in a clear case of necessity, and only when substantial justice reqmres it.
I think so much of the order as allows a commission and stay of proceedings should be reversed with costs.