By the Court.—Mohell, Ch. J.
If the order in this case can be reviewed by the general term, I think we should have no hesitation in reversing it.
A joint action is attempted by plaintiffs having diverse and separate interests. The covenant of the defendants, as respects the freehold lots, passed under the will to the devisee, and as respects the leasehold lots, to the executors. Either could enforce the covenant, or sue for a breach of it, to the extent of his interest ; and it may be questionable, at least, whether a joint action in behalf of the two, can be maintained.
■ 1STo separation is made in the complaint of these diverse interests of the respective plaintiffs. The covenant is treated as joint, and the breach of it, as enuring to both, in like and equal proportions. That maybe so ; but it is easy to see, that it may not be so.
*415 Suppose the alleged ‘6 additions and improvements ’ ’ were upon the freehold lots only ? In that ca.se the breach of the covenant would enure to the devisee, for there would be no breach of the covenant in respect to the other lots. Or, suppose -the improvements were mostly upon the lots which passed to the devisee ; the tax, in that event, would have to be apportioned, and the devisee could recover his proportion, and the executor the other portion.
The allegation in the complaint is of a joint interest in the covenant; but from the statement of antecedent facts, it is evident that such interest is severable, and upon which a separate action could be maintained by the respective parties (Wood v. Perry, 1 Barb. 114 ; Bradley v. Blair, 17 Id. 480; Mead v. Mali, 15 How. Pr. 347).
The complaint does not state upon which of the lots the additional tax has been laid. The allegation is “upon the premises,” from which we must, perhaps, assume that the additions and improvements were to or upon all the lots, and that the additional tax is laid on all and in equal amounts.
But under the relations the plaintiffs bear to the right of action, I think the defendants should be informed more definitely and particularly of the facts constituting the breach of the covenant; and especially of the particulars stated in the notice of motion.
There is, perhaps, another reason for questioning the correctness of the learned justice at special term.
If the defendants desire to demur to the complaint for a misjoinder of plaintiffs, or that for any other cause this joint action can not be sustained, they are entitled to have the allegations of the complaint, so separated, .and made more definite and certain, that the questions will be disembarrassed by any dbubt Of their precise meaning (Henderson v. Jackson, 2 Sweeny, 324).
*416 For these reasons we can not concur in the disposition made of the motion at the special term.
But can we review the order ?
The motion was, that the plaintiffs be required to make their complaint more “definite and certain” in the particulars specified in the notice, and for general relief. Such motions have been uniformly held not to be appealable. They relate to mere matters of plead ■ ing, and are entirely in the discretion of the court (Field v. Stewart, 2 Sweeny, 193; and cases cited. Geis v. Loew, 15 Abb. Pr. N. S. 94.)
The recent adjudications in the court of appeals, iu regard to the appealability of discretionary orders, extends the right only to such as effect a substantial right (Matter of Duff, 41 How. Pr. 350).
The right to demur to a pleading for any of the authorized causes, is undoubtedly a substantial "right. It is given by the code, and is one of the modes of determining the legal status of the parties, and the sufficiency of their averment of facts. And for some objections to a pleading, it is the only remedy.
But the defendant is not deprived of such right in this case. The allegations of the complaint, although a little uncertain and indefinite, are, I think, sufficient to fairly raise the questions of either a misjoinder qf plaintiffs, if that is a cause of demurrer, as to which, see Simar v. Canaday (53 N. Y. 298), or a misjoinder of causes of action.
The interests of the two plaintiffs in the covenant appear with sufficient clearness, and a demurrer will present the question of their right to maintain a joint action. If they can, the recovery will cover the whole additional tax, and it does not concern the defendants how it is apportioned.
But I can not see that, by the denial óf the defendants’ motion, any substantial right has been affected; *417 and, therefore, however much we may differ with the learned justice below, we can not disturb his conclusion.
The order should be affirmed with costs.
Freedman and Sedgwick, JJ., concurred.