By the Court.—Monell, Ch. J.
Any order made at special term which “involves the merits of the action or affects a substantial right,” may be reviewed on appeal by the general term. Code. § 349.
The construction of this section in recent cases, renders it immaterial whether the order is one which is within the discretion of the court or otherwise (Matter of Duff, 41 How. Pr. 350 ; People v. N. Y. Central R. R. Co., 29 N. Y. 418; Gray v. Fisk, 53 Id. 630 ; *51 Livermore v. Bainbridge, 15 Abb. Pr. N. S. 436); the test of its appealability, and the only test, being, whether the merits of the action are involved, or whether a substantial right is affected. If either, then an appeal lies. The section of the Code referred to, relates and is confined to appeals from the special to the general term of the same court. It has no relation to, nor is it affected by, the section which authorizes an appeal in certain cases, from the general term to the court of appeals (section 11 of the Oode), and as the cases cited involve the power of the latter court, and only incidently declare or approve of the powers of the general term over discretionary orders, we must look to the adjudication of the general terms for a construction of the section concerning appeals to that branch of the court.
The recent decisions of the court of appeals referred to, somewhat disturb if they do not overrule the cases in which it was heretofore held, that orders resting merely or wholly in the discretion of the court, could not be reviewed, by the general term. Indeed, some of the cases went further and held, that no substantial right could be affected, where it was discretionary to grant or withhold the order (Tallman v. Herman, 10 How. Pr. 90).
But the clear language of the Code leaves the question free from embarrassment by any of the decisions; and the test to be applied, and the only test, is, does the order relate to the merits of the action, or does it affect a substantial right ?
In the application of this test, this court has uni formly held, that motions generally in respect to the pleadings, do not involve the merits or affect a substantial right (Marble Iron Works v. Smith, 4 Duer, 362; Salters v. Genin, 10 Abb. Pr. 478; Geis v. Loew, 36 Sup. Ct. 190).
And a motion, like the one involved in this appeal, *52 to strike out portions of the complaint as irrelevant or redundant, has been held to be no exception (Murphy v. Dickinson, 40 How. Pr. 66 ; Mercantile Mut. Ins. Co., 10 Abb. Pr. N. S. 37; Field v. Stewart, 8 Id. .193). The last case is a decision of the general term of this court and is decisive of the question in this case.
The order below neither involved the merits of the action, or affected a substantial right of the party, and it should be affirmed, with costs.
Sedgwick, J., concurred.